### LYMAN PATCHIN v. DALMON N. STROUD.

#### Prior possession.　Abandonment.　Evidence.

In a case resting upon prior possession, a lapse of fifteen years or more between different acts is not conclusive evidence of an abandonment of the first possession. Whether abandoned, is a question of fact for the jury, which they may or may not find from the claimants having allowed so long a time to intervene.

TRESPASS ON THE FREEHOLD, for cutting wood on lot No. 17, 6th division, in Pownal. Plea, the general issue ; trial by jury, December Term, 1855,—PIERPOINT, J., presiding.

The question litigated was in reference to the ownership of lot No. 17, both parties claiming it, and neither showing a sufficient paper title to it. The plaintiff claimed title by fifteen years possession, and also by a prior possession ; and introduced testimony tending to prove acts of possession upon the premises, by the person under whom he claimed, thirty-four or thirty-five years before, and at different periods more recently, in reference to which the court charged the jury, that if they found that fifteen years, or more elapsed next after the first acts of possession, before there were any other similar acts on the part of the plaintiff and his grantors,—the first entry and acts of possession would not be available as a date for the commencement of a possession, on the part of the plaintiff or his grantors, either for the purpose of making title by fifteen years possession, or by a mere prior possession, even if the jury should not find in fact an actual abandonment by the plaintiff, or his grantors, of their claim to the premises. To this charge the plaintiff excepted.

*Robinson & Sibley* for the plaintiff.

*A. B. Gardner, H. Canfield* and *U. M. Robinson* for the defendant.

The opinion of the court was delivered, at the circuit session in June, by

BENNETT, J. The simple question raised on the bill of exceptions seems to be this, (and it is the only one which we are called upon to revise,) and that is whether, in a case resting

upon prior possession, if fifteen years or more intervene between any of the acts of possession, does that *per se*, and as matter of law, constitute an effectual bar against the plaintiff from availing himself of the first acts of possession, even though the jury should find that in the meantime there had been no actual abandonment of the first possession. We apprehend it must always be a question of fact, whether a prior possession has been abandoned or not. Lapse of time, whether it be somewhat less or more than fifteen years, might go to the jury, as furnishing some evidence to prove an abandonment, but the weight of it would be to be judged of by the jury under the circumstances of each particular case, and if, on the whole, a presumption is to be drawn of an abandonment, it is a presumption of fact and not of law. It is in analogy to a case where a suit is brought upon a bond, and lapse of time is relied upon as a defense, it is not, in such case, relied upon as a technical bar, but is given in evidence under a plea of payment; and whether the presumption of payment, from lapse of time, has been rebutted, is a question for a jury, under proper instructions, in each particular case, as they arise. In the case before us, it was assumed by the court that the mere lapse of time was, in law, an abandonment of the first possession; and of course there is nothing in the exceptions which require us, or render it proper, to lay down any rules, or give any instructions as to what facts might be material by way of rebutting an inference attempted to be drawn from lapse of time.

Judgment reversed and case remanded.