[L. A. No. 1040.   Department Two.—November 18, 1902.]

## ARROYO DITCH AND WATER COMPANY, Respondent, v. A. DORMAN et al., Appellants.

WATER RIGHTS—INTERESTS IN DITCH—PROPORTION TO ACREAGE—COR-
PORATION—FINDINGS AND DECREE—IMPROPER EXCEPTION. — In an
action by a ditch and water company to determine its rights and
the rights of the defendant in a ditch, where it appears from the
evidence and the findings that the stockholders in the corporation
and the defendants, who are not stockholders, each own a fractional
interest in the ditch proportioned to the acreage of land held by
each in a certain rancho supplied by the ditch,—a finding and decree
providing an exception "that if the said proportion of said water
herein found to belong to any one of the defendants should at any
time be in excess of what is reasonably required by such defendant
for domestic use and for irrigation of the land owned by him or
her at the commencement of this action, then and in that case or
cases such excess does and shall belong to the plaintiff," is improper,
inconsistent with the evidence, with the other findings, and with
itself, and such exception should be stricken from the decree.

ID.—RIGHTS OF OWNERS.—If the defendants own a specific amount of
water, they should be made secure in that interest by the decree of
the court; and their rights in property which is confessedly theirs
should not be left contingent upon their future needs, but they
should be permitted to do as they please with their own.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
D. K. Trask, Judge.

The facts are stated in the opinion of the court.

J. S. Chapman, for Appellants.

J. H. Ardis, and Kendrick & Nott, for Respondent.

THE COURT.—This action was brought to quiet title to
the Arroyo Ditch and to the waters diverted thereby from the
Old San Gabriel River in Los Angeles County, and for an
injunction to restrain defendants from interfering with said
waters.   The court, by its findings and decree, determined in
effect that the defendants and plaintiff were tenants in com-
mon in the ditch and water involved in the suit, and, after

setting out the rights and titles of the several parties in and to the property, decreed ''that a permanent writ of injunction issue from this court, directed to the defendants and each of them, and the plaintiff, his and its successors in interest, agents and servants, requiring them and each of them to perpetually refrain from taking or diverting any greater portion of the said water than herein specifically adjudged to belong to him, her, or it.''

The defendants appeal from the judgment and from an order denying them a new trial.

The Arroyo Ditch has its head in the Old San Gabriel River, and conducts water from that stream for the irrigation of and domestic use upon some 3,950 acres of the Rancho Santa Gertrudes. This rancho has been divided up and sold out in small parcels of a few acres each, until, at the time of the commencement of this suit, it seems that the twelve defendants herein owned each a several tract thereof, which several tracts amounted in the aggregate to 622 acres. At the same time the stockholders of the plaintiff corporation owned 3,328 acres of said rancho, each stockholder owning a small tract thereof. The Arroyo Ditch was constructed in 1869, and furnished water to the entire 3,950 acres of land, constituting the aggregate acreage of all the parties interested in this suit. In 1885 the owners of the numerous tracts of land already referred to, consisting of upwards of a hundred and fifty people, owned interests in the ditch and in the water diverted thereby as appurtenant to their land, each person's interest corresponding to the acreage of his land as compared to the whole acreage watered by the ditch. In said year 1885 the great majority of the owners in said lands, ditch, and water concluded to form a corporation for the control, management, and distribution of said waters; and accordingly they entered into a contract to that end, and the corporation plaintiff was thereupon duly formed. About a hundred and fifty of the said owners received stock from the corporation, each person receiving as many shares as he had acres of land. And thereafter the corporation at once entered upon and continued in the control and management and distribution of the waters of said ditch, to the extent that its stockholders were interested therein. The defendants did not become stockholders, and took no interest in said corporation. In 1898

this suit was commenced by the corporation to quiet title to the ditch and to the water and to restrain a threatened interference with the water on the part of defendants. The court found, in substance, that the plaintiff was the owner of 3328-3950 of said ditch and water right, and that defendants were the owners of the remaining 622-3950 thereof, specifying the particular fractional interest that each defendant had in the property. In addition to this the court found and decreed as follows: ''Except that if the said proportion of said water herein found to belong to any one of the defendants should at any time be in excess of what is reasonably required by such defendant for domestic use and for irrigation of the land owned by him or her at the commencement of this action, then and in that case or cases such excess does and shall belong to the plaintiff.''

This last finding is inconsistent with the evidence, with the other findings, and with itself. How can property be said to belong to and be owned by a person if when that person does not need it it must belong to some other person? If defendants own a specific amount of water,—as the evidence and findings clearly indicate that they do,—they should be made secure in that interest by the decree of the court, and their rights in property which is confessedly theirs should not be left contingent upon their future needs. If they should not need it in the future, they may possibly want to exchange it for something that they do need. It being their property, the decree should be so framed as to permit them to do as they please with their own. The evidence discloses, and the probative facts found by the court show, that the parties to this suit are tenants in common of the ditch and water rights involved, each one having a fractional share corresponding to the acreage of land which she, he, or it represents. There is nothing in the case to show that any one of these tenants in common has any reversionary rights or title of any kind to the interest of any of the other tenants. The decree should be amended so as to cure the error hereinbefore pointed out.

Whether the corporation plaintiff has succeeded to the title of its stockholders in this property, or shall be regarded merely as an agency of said stockholders for the management and control of their several interests, is a matter of no importance to appellants. As long as appellants' rights are fully

protected,—as we think they will be by an amendment of the decree,—the disposition of other rights in the property is as to appellants entirely immaterial. We do not interpret the decree in its present form as giving the corporation control over any of the water to which defendants are entitled, except at a time when defendants may not need their water for use upon their lands.

It is likewise, and for the same reason, immaterial to defendants whether the corporation has been in control of the water continuously, or whether it takes water from one point or another on the ditch. So long as defendants get the water to which they are entitled, they can ask for nothing more in the premises.

The other errors complained of by appellants are not regarded of sufficient importance to require special notice.

The court below is directed to amend the judgment by striking from it the exception as to the excess of waters reasonably required by defendants, hereinabove quoted, and it is ordered that the decree as thus amended shall stand affirmed and the order denying a new trial is also affirmed.