[Civ. No. 522. Second Appellate District.—October 2, 1908.]

## WILLIAM DAVIDSON, Appellant, v. MARY E. ELLIS et al., Respondents.

EASEMENT—GRANT OF RIGHT OF WAY—LIMITED RIGHT OF SELECTION BY GRANTEE—NONAGREEMENT—POWER OF COURT OF EQUITY.—Where defendants owning premises granted part thereof, with a perpetual right of way from a fixed point on the exterior boundaries of the land sold across the lands of defendants not conveyed to a county road, the way so granted "to be thereafter and within a reasonable time definitely located by the grantee," if it is not so definitely located by the grantee or his successor in interest, in a reasonable time, it is not thereby lost but may be located by agreement, and if the parties fail to agree, a court of equity has power, on the application of any party interested, to make a definite location of the perpetual right of way granted.

ID.—CONSTRUCTION OF COMPLAINT IN EQUITY—LOCATION BY PLAINTIFF ON LINE OF OLD ROAD—CONVENIENCE OF PARTIES.—When plaintiff, who seeks relief in equity to establish the way as successor in interest of the grantee against the grantors of the right of way, alleges that after defendants refused to agree to a selection thereof he located the same three years after the grant along the line of an old road which he found, and located the same fifteen feet on his own land and fifteen feet on defendants' land, which he asks to be confirmed in equity, the complaint is to be construed as alleging in effect that such route is reasonably convenient for all parties interested. Whatever may be the effect of the delay in such location, the com-

plaint states ground for relief in equity to determine the location of the way.

Id.—Right of Way not Forfeited, nor Lost by Nonuser.—Where the perpetual right of way was granted by deed, and there was no condition subsequent therein, and nothing in the grant indicates that a failure to fix the definite route within a reasonable time should work a forfeiture, no forfeiture can be presumed, when not created by express terms or necessary implication; and no length of time of mere nonuser will operate to impair or defeat the right.

Id.—Easement Appurtenant to Estate.—The easement created by deceased became appurtenant to the property owned by plaintiff, and follows the estate granted to him.

Id.—Abandonment of Way—Matter of Defense—Estoppel.—Where there is nothing in the complaint to suggest an abandonment of the way, if such fact exists, the onus of showing it is upon the defense, and could only be supported by allegations and proof thereof and acts performed and expense incurred on faith of it by the owner of the servient estate relying thereon.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   S. E. Crow, Judge.

The facts are stated in the opinion of the court.

Day & Day, for Appellant.

W. P. Butcher, for Respondents.

ALLEN, P. J.—Appeal by plaintiff from a judgment rendered against him and in defendants' favor, based upon an order sustaining a demurrer to a complaint.

The complaint alleged the ownership by defendants in 1901 of certain premises, a part of which at that date were by them conveyed to plaintiff's grantors, together with a perpetual right of way from a fixed point on the exterior boundary of the lands sold across the lands of defendants not so conveyed to a certain county road, which grant specified that the way "so granted to be thereafter and within a reasonable time definitely located by said grantee." Plaintiff's ownership in the dominant tenement is averred. It further appears that when said deed of plaintiff's grantors was executed, and at all times thereafter, there was an old road leading from the fixed terminus of the right of way to said county road; that plaintiff's grantors did not at any time while they

owned the premises, nor did plaintiff until after 1904, definitely locate said right of way; that plaintiff has requested defendants to join in such definite location, which they refused to do; that plaintiff, before the filing of the complaint, definitely located said right of way upon the route of such old road, the center line of which is the center line of the right of way, and so located the same having a width of fifteen feet upon either side of such center line. The prayer of the complaint is that such location be confirmed and plaintiff's right to such right of way be quieted.

The demurrer to the complaint was general, and upon the further ground that it was unintelligible, in that it could not be ascertained therefrom when or where the request was made to join in the location, or that the location had been actually made or could be made under the deed, or of what width the same could be made.

The grant of the right of way by defendants was not one made upon condition, and nothing in the language of the grant indicates that a failure to fix the definite route should work a forfeiture of the right of way. "Conditions subsequent, when relied on to work a forfeiture, must be created by express terms or clear implication." (*Behlow* v. *Southern Pac. R. R. Co.*, 130 Cal. 16, [62 Pac. 295].) The right of the arbitrary fixation of the line of location upon the part of the grantee was restricted by the deed to a reasonable time. The theory upon which plaintiff seems to proceed is, that by reason of the lapse of time the location of the line of the right of way became a matter of joint agreement, and such agreement not being possible, that a court of equity should hear and determine the question. If the location is the subject of contest, either party may procure a decree fixing the right affirmatively and specifically (*Gardner* v. *Webster,* 64 N. H. 520, [15 Atl. 146]); and this of necessity would authorize the court to determine the width thereof. There is nothing in the complaint suggesting an abandonment, and if such fact exists, the *onus* of showing the same would devolve upon the defendant and could only be supported by allegations and proof thereof and acts performed and expense incurred by the owner of the servient estate relying thereon. (*Smith* v. *Worn,* 93 Cal. 207, [28 Pac. 944].) The easement was made and became appurtenant to the property owned by plaintiff and follows the estate. (*Currier* v. *Howes,* 103 Cal. 436, [37 Pac.

521].) The easement having been acquired by deed, no length of time of mere nonuser will operate to impair or defeat the right. (*Gardner* v. *San Gabriel Valley Bank,* 7 Cal. App. 106, [93 Pac. 900].) The location determined by plaintiff, if his right to fix the line has not terminated, is given by the deed. If by reason of the lapse of time such right to so fix the route has terminated, the allegation with reference to the route described in the complaint may be taken as an allegation that such route is reasonably convenient for all parties. Whatever may be the effect of the nonlocation for the period shown, as affecting the right of plaintiff to arbitrarily fix the same, the right to have a court of equity definitely locate the right of way exists, if plaintiff's right to fix has lapsed. The complaint states a cause of action therefore, and no uncertainty or ambiguity therein is manifest.

Judgment reversed and cause remanded.

Shaw, J., and Taggart, J., concurred.