CHARLES S. CHASE v. E. A. EDDY.

May Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, and HASELTON, JJ., and
FISH, Sup. J.

Opinion filed October 15, 1914.

*Adverse Possession—Extent of Possession—Constructive Posses-
sion Under Paper Title—Continuity of Possession—"Aban-
donment"—Findings in Support of Judgment.*

Ordinarily the constructive possession of one holding land under a
paper title is limited to the bounds fixed by such title, for the wri-
ting is a distinct disclaimer of any claim beyond the recited bounds.

In trespass *quare clausum*, where each party claimed title by adverse
possession, and the trial court found that defendant cut the timber
from most of the disputed tract in 1885, that one of plaintiff's
grantors began cutting thereon a few days after he took his deed,
the date of which is August 11, 1885, and no other finding fixed the
date of the cuttings any more definitely, the findings will be con-
strued on review, in support of a judgment for defendant, as show-
ing a cutting by defendant before the middle of August, 1885, for,
if a more definite finding was important, the burden of procuring
it was on plaintiff.

Where defendant in 1885 cut most of the timber on a tract of mountain
woodland of which he had constructive possession under a paper
title, and thereafter did no more cutting until 1906, but in the
meantime frequently went upon the land to look it over, retraced
the lines, and in 1905 resurveyed and marked the lines, there was
no "abandonment" of his possession, as matter of law, as only such
occupancy is required as is consistent with the use to which the
property is adapted, and defendant's conduct tended to show an
intention to retain possession, preventing an abandonment.

Abandonment of the possession of land, relied upon as a basis of title
by adverse possession, is a question of fact.

Where plaintiff claimed title to a disputed tract of land by adverse
possession, based on constructive possession under color of title,
he could not avail himself of his grantor's occupancy of other parts
of the land covered by his deed, where it did not appear that during

such occupancy the grantor was claiming to the limits of his grant; it appearing, on the contrary, that he pointed out the disputed tract as belonging to another adverse claimant thereof.

TRESPASS QUARE CLAUSUM. Plea, the general issue. Trial by court at the April Term, 1913, Windham County, *Taylor*, J., presiding. Judgment for the defendant. The opinion states the case.

*Harry B. Chase* for the plaintiff.

While none of this cutting done by Rice is found to have been on the disputed tract, the possession of Rice extended by construction to the limits of his recorded deed, which were evidenced on the ground by a well marked line and corners and included this disputed land. Doe ex. dem. *Pearsal* v. *Thorp*, 1 D. Chip. 92; *Crowell* v. *Bebee*, 10 Vt. 33; *Hodges* v. *Eddy*, 38 Vt. 327; *Ralph* v. *Bayley*, 11 Vt. 521; *Swift* v. *Gage*, 26 Vt. 224; *Hassam* v. *Safford Lumber Co.*, 82 Vt. 444. The plaintiff, being in actual possession of the land, can maintain this action against everybody but the true owner. *McGrady* v. *Miller*, 14 Vt. 128; *Hough* v. *Patrick*, 26 Vt. 435; *Hughes* v. *Graves*, 39 Vt. 359.

The defendant cannot claim constructive possession of the disputed land by reason of any acts of possession on the other land, which was covered by the bond for a deed and by the deed which was given January 18, 1895, in accordance with the bond, both of which were recorded, because his acts of possession must be considered in connection with the bond and deed and are limited by them. *Fullam* v. *Foster*, 68 Vt. 590; *Shedd* v. *Powers*, 28 Vt. 652; *Webb* v. *Richardson*, 42 Vt. 465; *Davenport* v. *Newton*, 71 Vt. 11; *Sowles* v. *Minot*, 82 Vt. 344.

*Clarke C. Fitts* and *Hermon E. Eddy* for the defendant.

MUNSON, J. The injury complained of is a cutting done in the fall of 1906 on an eleven-acre lot of mountain woodland in Somerset. The plaintiff has a quitclaim deed of a certain tract described by metes and bounds, and correspondingly marked upon the land, which includes the lot in dispute. The defendant has no deed covering this lot, but he owns a tract

adjoining it on the east, known as the Howard lot, and has included the disputed land with this tract by well marked lines. Each party claims title by prescription, and not otherwise. The case was tried by the court, and the defendant had judgment.

The defendant's first connection with the Howard lot was by way of a bond for a deed, which was executed to the defendant and another, and described the lot by metes and bounds. This bond was dated November 7, 1884, and recorded March 18, 1885. Soon after taking the bond the obligees had a survey of the land made, but instead of following the description in the bond in determining the west line, they so marked the lines as to include the lot in dispute.

The plaintiff's quitclaim is from Jason W. Rice, and had its origin in this wise. Rice was the town clerk of Somerset, and had had some experience in surveying. He discovered that there was a tract of land in this vicinity which was without a known claimant, and surveyed around this tract, adopting the bounds of the abutting lands, and remarking the lines. In doing this, he came across a recently marked line made in extending the Howard lot to the west, and was led by this to make a further examination of the records; and finding that the deeds of the Howard lot did not cover the land now in dispute he extended his survey to include it, and procured from Asa Burnap a quitclaim deed of the land surveyed, dated August 11, 1885.

In the winter of 1884-5 the defendant commenced cutting on the land covered by his bond, and continued cutting thereon until 1894, when it was practically all cut over. In the latter part of 1885 Rice began cutting on the tract covered by his deed, and continued to make small cuttings, mainly around the edges of the tract, until 1890. The court was unable to find that any of the Rice cutting was upon the land in dispute, and there is no finding that defendant cut on the disputed land prior to 1885.

In 1885 the defendant cut over the disputed piece, except about two acres in one corner that was too wet to lumber upon. He did no cutting on the piece from this time until the cutting of 1906 for which the suit is brought. But during this interval he frequently went upon the land to look it over, and retraced the lines, and in 1905 resurveyed and marked the lines around the whole tract, including the disputed land. All the

things done in connection with the defendant's occupancy were done under a claim of right.

It appears from the above statement that the first cutting done on any land connected with the lot in dispute was that done by the defendant in the winter of 1884-5 upon the land covered by the bond for a deed. This gave the defendant a constructive possession of the lot in dispute which was prior to any cutting found to have been done by Rice upon the land covered by his survey, unless the effect of the defendant's cutting was limited by the lines established by the bond. Ordinarily the constructive possession of one holding under a paper title is limited to the bounds established by it. *Shedd* v. *Powers,* 28 Vt. 652; *Fullam* v. *Foster,* 68 Vt. 590, 35 Atl. 484. The reason given is that the writing is a distinct disclaimer of any claim beyond the bounds given, and puts the owner of the adjacent lot off his guard as to acts which are merely equivocal. But we do not find it necessary to inquire whether the rule is applicable to the case presented here.

The plaintiff's brief assumes that the defendant first entered to cut upon the disputed piece in the winter of 1885-6. If this were so, it might perhaps fairly be claimed that the constructive possession of the disputed piece had by the plaintiff's grantor was prior to the defendant's actual possession of it. But this statement is an inference drawn from very indefinite findings of the court. It is found that Rice's cutting on the other land embraced in his survey commenced a few days after he took his deed, the date of which is August 11, 1885. It is found that the defendant cut over the disputed piece in 1885. The further references to the cutting afford nothing more definite. Other acts of the defendant are spoken of as occurring "after cutting the lumber off in 1885," and "after it was cut over in 1885." This is all consistent with the cutting having been commenced before the middle of August, and the findings are to be so construed in support of the judgment. If a more definite finding was important, the burden of procuring it was on the plaintiff.

But the plaintiff claims that the possession taken in 1885 was abandoned. It is true that no cutting was done upon the disputed territory from 1885 until the cutting sued for. But this does not necessarily imply an abandonment. The occupancy required is only such as is consistent with the use to

which the property is adapted. *Webb* v. *Richardson,* 42 Vt. 465. A mountain wood lot once cut over is ordinarily left to produce another growth. Even the lapse of fifteen years between the acts of possession will not amount to an abandonment as matter of law. *Patchin* v. *Stroud,* 28 Vt. 394. The conduct of this defendant during the interval between the acts of possession was evidence of an intention to retain possession, and this intention will prevent a failure to occupy from becoming an abandonment. *Sowles* v. *Minot,* 82 Vt. 344, 355, 73 Atl. 1025, 137 Am. St. Rep. 1010. Moreover, abandonment is a question of fact, and here there is no finding of an abandonment.

But if there had been an abandonment of the defendant's right and possession, the plaintiff is not in a position to take advantage of it. He cannot claim the benefit of Rice's occupancy of other parts of the land covered by his deed, to establish a right in the disputed tract, in the absence of a finding that during this occupancy Rice was claiming to the extent of his deed. *Webb* v. *Richardson,* 42 Vt. 465, 475. There is no such finding here. On the contrary, the court reports evidence that in 1899 Rice pointed out the disputed tract as land belonging to the defendant, and says it is unable to find that during a part at least of the time prior to 1899 Rice claimed to own the disputed land. So the possession of the other lands of the Rice survey for fifteen years gives the plaintiff no title to the tract in dispute, and the defendant can prevail because of the actual possession taken in 1885.

*Judgment affirmed.*

Powers, C. J., dissenting. The theory of the majority is that the defendant obtained constructive possession of the land in question under his deed, which did not include it, aided by his survey, which did include it. To this I cannot agree. It was held by this Court in *Rice* v. *Chase,* 74 Vt. 362, 57 Atl. 967, largely on the authority of *Shedd* v. *Powers,* 28 Vt. 652, that one who holds a deed of certain land could not extend his possession to other land beyond the limit of his deed by merely surveying the latter and "spotting" a line around it. The point of these decisions is that, even if such a result could be accomplished in the absence of all paper title, yet where there is a paper title, as in the present case, "it requires very distinct occupancy to

extend the possession beyond the limits described in the deed, inasmuch as the deed, while it is notice of claim to the extent of the boundaries therein set forth, is also a distinct disclaimer of any further pretensions." Accordingly, it was held in the case first cited that the plaintiff's constructive possession "was not extended by the line of his survey beyond the limits named in his deed." The very salutary doctrine of these cases is wholly disregarded by the majority.