[L. A. No. 3782.   Department One.—July 11, 1916.]

C. P. STONE, as Administrator of the Estate of N. Alexandrian, Deceased, Appellant, v. IMPERIAL WATER COMPANY No. 1, Respondent.

MUTUAL WATER COMPANY—STOCKHOLDER'S RIGHT TO RECEIVE WATER—REAL PROPERTY—ACTION TO DETERMINE CONFLICTING CLAIMS.—The right of a stockholder in a mutual water company, under section 324 of the Civil Code, in virtue of his ownership of stock therein, to receive water to a specified quantity upon certain land, is real property, and conflicting claims affecting the same may be made the subject of an action under section 738 of the Code of Civil Procedure.

ID.—PLEADING—APPLICATION OF WATER RECEIVED FOR USE—CHANGE OF CAUSE OF ACTION.—In an action by a stockholder in a mutual water company to enforce his alleged right to receive water, for use upon a tract of two hundred acres, sufficient in quantity to irrigate 160 acres thereof, without confining its use to any specific portion of the tract, it is not essential to the statement of a cause of action that the complaint should aver the particular place upon which the defendant refused to allow the water to be used, and the fact that in the original complaint a specified forty acres described as such place was different from that described in an amended complaint, did not change the character of the cause of action or make a new action begun at the filing of the last complaint.

APPEAL from a judgment of the Superior Court of Imperial County.   Charles Monroe, Judge presiding.

The facts are stated in the opinion of the court.

George H. P. Shaw, H. N. Dyke, and Shaw & Dyke, for Appellant.

F. P. Willard, and R. D. McPherrin, for Respondent.

SHAW, J.—The court below sustained a demurrer to the plaintiff's second amended complaint and thereupon gave judgment for the defendant, from which the plaintiff appeals.

The action was begun by the filing of the original complaint on April 21, 1909.   Thereafter, by leave of court, the plaintiff, on April 11, 1913, filed the said second amended complaint.   The court below sustained the demurrer to the second amended complaint on the ground that the causes of action alleged in the original complaint and in the said second amended complaint were each causes of action for trespass on real property; that the real property described as having been injured by the trespass in the original complaint and the amendments thereto was a different tract of land from that on which the injury was alleged to have occurred in the second amended complaint, and that the latter pleading set forth a new cause of action which accrued more than three years before the date of the filing thereof, and was, therefore, barred by the statute of limitations.   (Code Civ. Proc., sec. 338.)   It bases its ruling on the decision in the case of *Atkinson* v. *Amador etc. Canal Co.*, 53 Cal. 102.

We think the court below mistook the nature of the respective pleadings, and that the cause of action stated in the second amended complaint was substantially identical with that set forth in the original complaint.

The original complaint alleged that the plaintiff was the owner of two hundred acres of land described as the south half of the northwest quarter of section 13, the west half of the northeast quarter, and the southeast quarter of the northeast quarter of section 14, all in township 15 south, range 14 east; that the defendant was a mutual water corporation organized to supply and distribute water to its stockholders

for use upon lands owned by them respectively; that, for that purpose, it had constructed a system of waterworks and was distributing water therein to its stockholders and had sufficient water in its control for that purpose; that the plaintiff was the owner of a certificate of stock issued by said defendant for 160 shares of its capital stock, which recited on its face that the owner thereof was entitled to the flow and use of 640 acre-feet of water per annum to be used upon the above-described land, and that the plaintiff thereby was entitled to demand and receive said quantity of water for use upon said land; that on February 12, 1909, the defendant refused, and has ever since refused, to deliver such water to the plaintiff, except upon condition that the plaintiff would specify the particular 160 acres of said land to which he would thereafter confine the use of said water, or would buy forty more shares of the capital stock of the defendant corporation; that, under the provisions of the contract between the plaintiff and defendant, the plaintiff was entitled to receive from the defendant enough water at one time for the irrigation of 160 acres of land, and that he was entitled to use said water upon any portion of said land owned by him, provided that he did not irrigate more than 160 acres at any one run; that the defendant asserts and claims that it was under no obligation to deliver any water to any portion of said land until the plaintiff designated the particular 160 acres thereof to which he would confine the use of the water so delivered. The original complaint also alleges that the defendant, upon the demand made on February 12, 1909, did deliver water for use on all of said land described except forty acres thereof described as the southeast quarter of the northeast quarter of section 14. The second amended complaint contained the same allegations as the original complaint, except that it alleged that the forty acres upon which the water was not allowed to be used, in pursuance of the demand of February 12, 1909, was the *northwest* quarter of the *northeast* quarter of section 14, instead of the *southeast* quarter of the *northeast* quarter of section 14, as alleged in the original complaint.

The court below concluded that the respective complaints stated a simple cause of action for the recovery of damages caused by the failure to deliver water to the particular forty-acre tract described therein as having been deprived of the water, and upon that theory it concluded that the cause of

action last pleaded was an entirely different cause of action from that first pleaded. It is clear from the allegations above stated that the controversy between the parties is not over the right to irrigate a particular forty-acre tract of land, but arises from the claim on the part of the plaintiff that he is entitled to use the water upon any part of the two hundred acres which he owns, as he may choose, and the conflicting claim on the part of the defendant that he must first choose or locate his right upon a specific tract of 160 acres, and that he cannot receive water if he insists upon using it elsewhere, or generally upon the entire two hundred acres.

The complaint prays that the defendant be directed to supply plaintiff with water so long as he does not, during any one irrigation or run, apply the water to more than 160 acres, for damages in a stated sum, and for such further relief as may be meet and agreeable to equity. There are also allegations showing that the plaintiff has been damaged by the deprivation of water on the tract from which it was withheld. It is apparent that the claim for damages is merely incidental to the main purpose of the action, which is to obtain a decree establishing the rights of the parties with respect to the water in controversy. The plaintiff claimed the right to have the water delivered for use at large over the entire tract, while the defendant claimed that the plaintiff must select a particular portion containing 160 acres and confine the delivery and use to that portion. Section 324 of the Civil Code provides that mutual water corporations, such as the defendant appears to be, may provide that its water shall be sold only to the owners of its stock, "and that such stock shall be appurtenant to certain lands when the same are described in the certificate issued therefor; and when such certificate shall be so issued, and a certified copy of such by-law recorded in the office of the county recorder in the county where such lands are situated, the shares of stock so located on any land shall only be transferred with said lands, and shall pass as an appurtenance thereto." The complaint does not allege in detail that this section has been complied with or that the stock held by the plaintiff is issued under the provisions thereof. It does allege, however, according to its legal effect, a contract showing that the plaintiff was entitled to receive water, in virtue of his ownership of the stock, for use upon the two hundred acres described. The right described is a

right to receive the water upon the two hundred acres, to the specified quantity, without confining its use to any specific portion thereof. The right, as insisted on by the defendant, is less beneficial than that alleged to belong to the plaintiff. Such rights are real property, and the conflicting claims may be made the subject of an action under section 738 of the Code of Civil Procedure. We are of the opinion that the main cause of action stated in the original complaint is the same as that stated in the second and amended complaint. A statement of the particular place upon which the defendant refused to allow water to be used was not essential to the cause of action, and the fact that in the original complaint the forty-acre tract described as such place was different from that described in the last complaint does not change the character of the cause of action, or make a new action begun at the time of the filing of the last complaint.

From the statements of counsel in their briefs it is possible that the plaintiff has stated a cause of action which he cannot prove; but we cannot anticipate this condition or base an opinion upon statements made only in the briefs. If the cause had been tried upon its merits and the facts were further disclosed, the question might have been presented, but where a judgment is rendered upon a demurrer, the court is confined to the allegations of the complaint in the consideration of the case. There was no demurrer for uncertainty. While the complaint is general in terms, we think it is sufficient as a statement of the right of the plaintiff as stated above.

The judgment is reversed.

Sloss, J., and Lawlor, J., concurred.