[Civ. No. 2617. First Appellate District, Division One.—February 26, 1919.]

HOMER C. PARKER, Appellant, v. E. C. SWETT et al., Respondents.

[1] EASEMENTS—PARTITION OF LANDS HELD IN COMMON—SERVITUDES RESERVED.—Where tenants in common of a tract of land partition it between them, the one taking the southern half reserving certain servitudes in the northern half conveyed to his former cotenant, the servitudes or easements reserved can be charged only against the property covered by the partition deed and not against adjoining property subsequently acquired by the servient owner, section 1106 of the Civil Code relating to subsequently acquired title passing by operation of law having no application to such case.

[2] ID.—RIGHT OF WAY FOR PIPE-LINE—ACTION TO QUIET TITLE.—An action will lie to quiet title to a right of way for a pipe-line, although the line has not been constructed.

[3] ID.—REASONABLE ROUTE.—Where the route for a pipe-line is not definitely described in the deed, a reasonable route is intended, and title may be quieted to such reasonable route.

[4] ID.—COURT TO DESIGNATE ROUTE.—A court of general equitable jurisdiction will in such case designate for the parties what would be a reasonable route under all the circumstances in evidence.

[5] PLEADING — DEMURRER TO COMPLAINT OVERRULED — MOTION FOR NONSUIT.—Where an objection to the form of an action goes to the question of whether or not the complaint states a cause of action, and this question has been decided by the trial court in overruling a demurrer to the complaint, the question is not proper for consideration on motion for a nonsuit.

[6] QUIETING TITLE—DISCLAIMER BY ONE DEFENDANT—NONSUIT AS TO ALL DEFENDANTS.—In an action to quiet title to certain easements, the granting of a nonsuit in favor of all defendants was clearly erroneous as to one of the defendants who had expressly disclaimed any interest in the rights sought to be quieted.

[7] ID.—NONSUIT AS TO ALL EASEMENTS—ADMISSION THAT PLAINTIFF ENTITLED TO SOME.—A judgment of nonsuit as to all easements claimed by plaintiff should be reversed when defendants concede that plaintiff is entitled to three of the easements claimed.

[8] STATUTE OF LIMITATIONS—RIGHT OF WAY FOR PIPE-LINE.—In order for the statute of limitations to run against a cause of action to quiet title in plaintiff to a right of way for a pipe-line, there must be positive and definite evidence of an adverse claim and an adverse holding.

[9] ADVERSE POSSESSION — NEGATIVED BY RECOGNITION OF RIGHTS.—Express recognition, by reservations in deeds, of plaintiff's rights as the owner of the dominant estate by successive owners of the servient estate, is contrary to any claim of adverse possession.

[10] EASEMENT—GRANT—NONUSER.—An easement founded on a grant cannot be lost by nonuser, no matter how long the nonuser may continue.

[11] ID.—ABANDONMENT.—Such an easement may be lost by abandonment only when the intention to abandon clearly appears.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. Reversed.

The facts are stated in the opinion of the court.

Samuel C. Wiel, William E. Colby, Percy S. King and Clarence N. Riggins for Appellant.

R. P. Henshall for Respondent E. C. Swett.

KERRIGAN, J.—This is an appeal from a judgment for defendants following an order of nonsuit. The action was to quiet title in the plaintiff to certain easements upon the lands of defendants alleged to be appurtenant to the land of plaintiff. Appellant contends that the nonsuit was improperly granted.

The facts of the case are briefly these: In 1890, W. W. Thompson and Horace B. Chase were the owners in common of certain lands in Napa County. On May 7th of that year, this land was partitioned between them. Thompson received by the partition deed the southern half of the original tract and Chase received the northern half. By mesne conveyances the southern half became the property of the present plaintiff and the northern half became the property of the defendant Swett. By the partition deed, above referred to, Thompson,

the predecessor in title of plaintiff, reserved to himself five servitudes or easements over and upon the northern half of the land, which land is at this time the property of the defendant Swett. These easements are expressed as follows in the partition deed:

"And the said party of the first part hereby excepts and reserves from the operation of this conveyance unto himself his heirs and assigns forever, and as appurtenant to the tract of land adjoining the above described premises on the south, which has this day been granted by the party of the second part to the party of the first part, and to which conveyance or grant reference is hereby had and made for a description of the lands so adjoining on the south, the following rights, privileges and easements, to wit:

"First. A right of way over, in, along and through all roads upon the above described premises.

"Second. A right of way over, in, along and through all avenues in the vineyard upon said lands so long as said avenues shall continue to exist either in vineyard or orchard.

"Third. A right to take, use, appropriate, divert, lead and carry away, in pipes or otherwise, one-half of the waters flowing or that may flow, in the stream on said premises, to be taken at or near the point where the waters of said stream are now partially diverted in pipes leading to the dwelling on said premises.

"Fourth. The right of way for a line of pipe for water from the point where said waters may be diverted over, across, in and through said premises to the said adjoining tract on the south, such pipe to be laid so as not to interfere with the proper cultivation of said premises, and also, the right at all times to enter in and upon said premises for the purpose of viewing, changing, repairing or reserving said pipe that may be so laid, and making and maintaining a proper division of such water.

"Fifth. The right to enter in and upon said premises and mine and quarry from the rock quarry on said premises, such rock as he may see fit, with the right to remove the same."

The defendant Carlston answered, claiming an interest in the northern half as a mortgagee only—and his rights, of course, would be determined by those of the defendant Swett, his mortgagor. The defendant Clarence Grange disclaimed all interest in the land.

[1]   At the outset we will consider the right of plaintiff to charge these easements and servitudes so reserved against the northern half of the original tract, against an adjoining parcel of land also described in the complaint, which was acquired by Chase some time after the partition deeds were made, and which passed with the other land to the defendant Swett.   We think this cannot be done.   The partition deeds, in terms, referred only to the land originally held in the one tract.   This was all the land that was in contemplation of either party. Appellant states that the third tract, afterward acquired by Chase, contained some of the headwaters of the stream of water which flows upon the land partitioned, and argues that a half interest in the entire stream was granted by the partition deed, and therefore the predecessor of the defendants having later acquired title to a portion of the thing which he had previously granted to Thompson, that later acquired title would redound to the benefit of his grantee Thompson and his successors in interest under the provisions of section 1106 of the Civil Code.   We think this section does not apply to the present case.   It is very clear from the entire instrument, and from the situation of the parties themselves, that there was no intention to convey anything but a right to the use of the water which was upon the northern half of the original tract of land.   Indeed, the deed itself, after describing the premises constituting the northern half of the original tract, grants the "right to take, use, appropriate, divert, lead and carry away, in pipes or otherwise, one-half of the waters flowing or that may flow in the stream *on said premises,* to be taken," etc.

Therefore, as to the portion of the land owned by the defendant Swett which was acquired by her predecessor in interest after the partition of the original tract between Thompson and Chase, we think the nonsuit was properly granted.

[2]   As to the portion of the land owned by defendant Swett, which was acquired by her through mesne conveyances from Chase which originally was a part of the tract partitioned between Thompson and Chase, we are of a different opinion.   The point is raised in the statement of the trial court in granting the nonsuit, and in the arguments of counsel, that an action to quiet title is not the proper form of action for the plaintiff to pursue, particular stress being laid upon the argument that title cannot be quieted to a pipe-line not in existence.   The easement in regard to a pipe-line was

of a *"right of way* for a pipe-line." It has been repeatedly held that the right to an easement of this kind may be quieted. (*Stone* v. *Imperial Water Co.,* 173 Cal. 39, [159 Pac. 164]; *Arroyo etc. Co.* v. *Dorman,* 137 Cal. 611, 612, [70 Pac. 737]; *Los Angeles* v. *Los Angeles Co.,* 152 Cal. 647, [93 Pac. 869, 1135]; *Verdugo* v. *Verdugo,* 152 Cal. 655, [93 Pac. 1021]; *Los Angeles* v. *Hunter,* 156 Cal. 604, [105 Pac. 755]; *Watson* v. *Lawson,* 166 Cal. 236, [135 Pac. 961]; *Byington* v. *Sacramento Valley etc. Co.,* 170 Cal. 132, [148 Pac. 791].)

[3] It is true that the route of the pipe-line is not definitely described in the deed, but it has been held that in such a case a reasonable route is intended, and title may be quieted to such reasonable route. (*Ballard* v. *Titus,* 157 Cal. 683, [110 Pac. 118]; Civ. Code, sec. 1419; *Sulloway* v. *Sulloway,* 160 Cal. 513, [117 Pac. 522]; *Stone* v. *Imperial Water Co.,* 173 Cal. 39, [159 Pac. 164]; *Byington* v. *Sacramento Valley etc. Co.,* 170 Cal. 132, [148 Pac. 791].)

[4] It is proper and customary under such circumstances, in view of the general equitable jurisdiction to do full and complete justice in one action, for the court to designate for the parties just what would be a reasonable route under all the circumstances in evidence. (*Ballard* v. *Titus,* 157 Cal. 683, [110 Pac. 118]; *Davidson* v. *Ellis,* 9 Cal. App. 145, [98 Pac. 254]; *Gazos etc. Co.* v. *Coburn,* 8 Cal. App. 158, [96 Pac. 359].)

[5] However, the objection of respondent as to the form of the action would go to the question of whether or not the complaint stated a cause of action, and this question had been decided by the trial court in overruling defendant's demurrer to the complaint. It was not a proper consideration upon the motion for nonsuit. (*Keefe* v. *Keefe,* 19 Cal. App. 315, [125 Pac. 929].) But the question has been raised and argued by both counsel, and it is stated by the trial court as a reason for granting the nonsuit. It will probably become material at the next trial of the action, and we have therefore discussed it here.

[6] The court granted the nonsuit in favor of all the defendants. Defendant Grange had expressly disclaimed any interest in the rights sought to be quieted. Clearly as to this defendant, the nonsuit was error.

[7] Again, the trial court granted a nonsuit as to all the easements sought to be quieted. It is admitted in the brief of

respondent, and upon the hearing in this court, that at the trial the right of the plaintiff to three of the easements was expressly conceded by the defendants. In respondent's brief we have the following statement:

"The record below on the motion for a nonsuit shows that counsel for the defendant expressly stated—'the roadways, which by the way, your Honor, are not in dispute between us, as to the roads, there is no doubt as to the right of Parker to these roads.' And appellant's counsel will probably concede that these roads are being used by plaintiff to this day. And not alone was this concession made at the trial, but the roads and avenues referred to are in use by the plaintiff up to this very moment. He is not therefore in any wise aggrieved in respect of them.

"Nor is the right of the plaintiff to enter upon the premises and mine and quarry rock, under the fifth easement, in dispute. The record shows that counsel for the defendant said, 'one of them was the right to go in on the premises and quarry rock, which is not in dispute to this day and which has been exercised by Mr. Parker and his predecessors.' "

However, the answer of defendant Swett denied that the plaintiff is the owner of all or any of the five easements, and this became a matter in issue. The judgment of nonsuit against the plaintiff in his suit to quiet his title to these rights is a cloud upon his title—and the fact that he may be using them at the present moment without objection from the defendants does not remedy the injustice. We fail to comprehend the logic of the respondent's position in asserting that the plaintiff is entitled to these rights and yet seeking to uphold a judgment which denied them to him. As to these three easements, unquestionably, the judgment of nonsuit should be reversed.

[8] The respondent argues in support of the judgment regarding the easement for a right of way for a pipe-line, first, that the statute of limitations has run against plaintiff's right. It has been repeatedly held that in order for the statute to run in a case like this, there must be definite and positive evidence of an adverse claim and an adverse holding. (*Half Moon Bay Land Co.* v. *Cowell*, 173 Cal. 543, [160 Pac. 675]; *Barlow* v. *Frink*, 171 Cal. 165, 170, [152 Pac. 290].)

[9] There is distinctly no evidence in the record of any denial of plaintiff's right until the time when the present de-

fendant acquired the land, which was in August, 1913—less than three years before the commencement of this action. On the contrary, the deeds in evidence by which the successive grantees in the chain of defendant Swett's title acquired the land, and the deed to defendant Swett herself made in 1913, show in each case an express recognition of the right of plaintiff, for each deed contains the reservations in favor of the southern portion of the original tract, in the identical language of the first deed to Chase. This express recognition of plaintiff's rights as the owner of the dominant estate, by each successive owner of the servient estate, is contrary to any claim of adverse possession. [10] It is true that the plaintiff and his predecessors have neglected for twenty-five years to exercise their right to lay a pipe-line, but an easement founded upon a grant cannot be lost by mere nonuser, no matter how long that nonuser may continue. (*Currier* v. *Hewes*, 103 Cal. 437, [37 Pac. 521]; *Walker* v. *Lillingston*, 137 Cal. 401, [70 Pac. 282].) [11] And such an easement may only be lost by abandonment when the intention to abandon clearly appears. (*Moore* v. *Sherman*, 52 Mont. 542, [159 Pac. 967].) In this case there was no intention to abandon, and no evidence appears that would indicate such an intention. On the contrary, the evidence of the plaintiff is decidedly to the effect that he never intended to abandon the right. The evidence of plaintiff's predecessor in interest is to the effect that he never exercised his right to lay the pipe for the reason that he did not require the water during his ownership of the ranch and the installation of a pipe-line was quite expensive. "Mere failure to take and use the water for which he has at the time no need will not forfeit the right to the vendor in such a case." (*Copeland* v. *Fairview Land etc. Co.*, 165 Cal. 166, [131 Pac. 119].)

From our conclusions, it appears that the nonsuit should not have been granted except as to that portion of the land owned by the defendant Swett which was not included in the original partition between Thompson and Chase. The order appealed from is therefore reversed, with instructions to the trial court to proceed in accordance with the views herein expressed.

Waste, P. J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on March 28, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 28, 1919.

All the Justices concurred, except Wilbur, J., who did not vote.