HENRY J. STEVENS *v.* ROYAL R. MacRAE.

February Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 3, 1923.

*Easements—Right of Way—Railroads—Abandonment by Non-User Question of Fact—Location of Way Under A General Grant—Establishment of Decree of Court.*

1. Where a deed conveyed a "camp" near the shores of a lake and also a right of way to the premises conveyed "across other lands of said grantor from the public highway passing the dwelling house of the grantors," the grantee had a right of way throughout over such "other lands," as well as past the dwelling house.

2. The mere lapse of time and non-user of a portion of a railroad company's right of way for its tracks for a period of about ten years do not in themselves operate in law as an abandonment of possession, the question being one of fact to be determined on the evidence, unaffected by the fact that the right of way was taken by the company.

3. Where a right of way was granted in general terms, without giving a definite location or description of it, the way not being already located at the time of the grant, the grantee is entitled to a convenient, reasonable, and accessible way, but not to an arbitrary location, without regard to the interest and convenience of the owner of the land, for the way must be reasonable as to both parties in view of all the circumstances.

4. In such a case, where the owner of the servient estate and the owner of the way are unable to agree upon its location, and the latter has instituted a suit to enjoin the former from obstructing the way claimed by the owner, the decree should establish the route affirmatively and specifically within the limits of the grant.

APPEAL IN CHANCERY. Bill to restrain defendant from obstructing plaintiff in his use of a spring and a certain way.

Heard on the pleadings and the report of a special master, at the September Term, 1921, Windham County, *Chase,* Chancellor. Decree for the plaintiff according to prayer of bill as to spring, and denial of relief sought by plaintiff as to the right of way. The plaintiff appealed. The opinion states the case. *Decree affirmed, and cause remanded with directions.*

*Wade Keyes* and *L. F. Edgerton* for appellant.

*Webber & Leamy* for the appellee.

WATSON, C. J.   On September 24, 1909, Warren H. Bartholomew and wife, by their deed of that date, in due form and recorded, conveyed to the plaintiff the "Camp," situated in Castleton, this State, a short distance easterly from Lake Bomoseen, and containing approximately one-half acre of land, (part of grantors' farm). Therewith and by the same deed, the grantors conveyed certain rights to the plaintiff, described as follows:
"Also the right to pass and repass across the lands of the grantors lying westerly of the above and northwesterly of the same to low water mark upon the shore of Lake Bomoseen, and the right to build a dock and boat house upon said lake shore. Also the right to enter upon lands of grantors west of the premises above described and dig and open a spring of water and dig a ditch therefrom and lay an aqueduct to convey the water therefrom to the lot hereby conveyed, and the right at any time hereafter to enter upon the premises of the said grantors to clean and repair said spring and aqueduct. Also a right of way to the above described premises across other lands of said grantors from the public highway passing the dwelling house of the grantors."
On October 7, 1912, Bartholomew and wife, by their deed of that date, in due form and recorded, conveyed their farm to the defendant, subject to the exception set forth in the deed, so far as material here, as follows:
"Always excepting however and reserving certain cottage lots and appurtenant rights which were conveyed by these grantors as follows: * * *; and to J. H. Stevens by deed dated Sept. 24th, 1909, and recorded in Book 29, Page 77."
This bill was brought to restrain the defendant from obstructing the plaintiff in his use of a spring, and of a certain

right of way from the public highway to the plaintiff's premises, both of which are situated on defendant's farm, and are rights which the plaintiff claims to own by virtue of his aforementioned deed. The case was heard by a special master. Exceptions were taken to the report by both parties. The chancellor overruled all the exceptions, granted the prayer of the bill as to the spring, and denied the prayer as to the right of way. The case is here on plaintiff's appeal.

The only questions for review relate to the right of way.

[1] Regarding this right of way, the defendant stands in the shoes of the Bartholomews. By their grant to the plaintiff, the right of way in question is to extend from the public highway to the premises—the "Camp"—conveyed by the same deed, "across other lands of said grantors" and passing their dwelling house. By the fair meaning of the grant, the route throughout is to be over such "other lands," as well as past the dwelling house.

The plaintiff's "claimed right of way" passes immediately in front of the dwelling house, and (referring to the map, Exhibit.3) extends from A-4 to A-5, to A-6, and to A-7, the last named point being at the southwest corner of plaintiff's premises. Scaling the map, this course runs northerly from A-4 through defendant's orchard for a distance of approximately 1,300 feet. Defendant objects to such way being in front of his dwelling house, rather than back of it, and also to its running through his orchard. Regarding the orchard the findings show that in the spring of 1913 defendant took possession of the farm, and in April of that year he set out several thousand apple trees, in rows twenty feet apart, the trees being the same distance apart in the row. Over twenty-five and not over forty of these trees will have to be removed if plaintiff has a way through the orchard as claimed by him, of a size adequate for vehicles. The trees have been carefully planted and cared for, and produce good fruit. It is found on evidence properly received for such purpose, that the said trees are of large and substantial value. At the time defendant planted the apple trees, he had no knowledge, nor cause to believe, that the plaintiff claimed a way where the map shows the "claimed right of way" is now located. Nor was there any evidence that the plaintiff knew the apple trees were planted across the "claimed right of way" before his return in the summer of 1913, and from that time on he used the route

in front of the dwelling house, and from A-4 to B, B, B, the
"D. & H. Way" (discussed below) to his camp, for all the
vehicles that he had come from Castleton Corners; but when he
went on foot towards Castleton Corners, he passed through the

orchard by the route of the "claimed right of way." Plaintiff
gave no notice to the defendant that he asserted a right to the
"claimed right of way," when in 1913 he found the trees had

been planted, and never made any complaint about the trees, or the "claimed right of way" till the commencement of this litigation.

Long prior to the conveyances named in the exception specified in the deed from the Bartholomews to defendant, the Rutland & Whitehall Railroad Company entered upon said farm and occupied a part thereof for its right of way, to wit, on or before November 1, 1852, and the strip of land so occupied is 2,122 feet long and 66 feet wide, running across the farm from north to south, westerly from the "Camp," between it and the lake. It appeared that the rights of the aforenamed railroad company have been assigned and transferred, the last assignment being to the President and Managers of the Delaware & Hudson Canal Company, dated June 15, 1870. It further appeared that this railroad right of way, here called "D. & H. Way," had not been used for railway tracks for at least twenty years at the time of the last hearing in this case, in October, 1919.

[2] The plaintiff has a right to a way between the termini mentioned in the grant, wholly within defendant's farm. This excludes from consideration the "D. & H. Way," unless that way was a part of the "other lands" owned by the Bartholomews at the time of their conveyance to the plaintiff. The record shows the possession of that way to have been, at the time mentioned, in the Delaware & Hudson Canal Company, by transfer from the Rutland & Whitehall Railroad Company. The mere lapse of time and non-user for railway tracks for the length of time shown by the record, prior to the date of plaintiff's deed, did not in themselves operate in law as an abandonment of the possession. Whether such abandonment took place was a question of fact to be determined on the evidence. *Peachin* v. *Stroud,* 28 Vt. 394; *Langdon* v. *Templeton,* 66 Vt. 173, 28 Atl. 866. The fact that the question relates to a right of way taken by a railroad company, does not make it one of law. *Hummel* v. *Cumberland Val. R. R. Co.,* 175 Pa. St. 537, 34 Atl. 848.

In the absence of such a finding of fact, we can not say that the "D. & H. Way" constituted any part of the grantors' "other lands," within the fair meaning of the plaintiff's deed, at the time that instrument was executed and delivered.

The right of way in question was granted in general terms without giving a definite location or description of it, and the

part of the land over which it is to be exercised can not be ascertained from the grant itself, and there was no way already located at the time of the grant. Nor did the plaintiff make selection of any particular route for a certain, single, definite way before the Bartholomews sold to the defendant in October, 1912.

Sometime before the year 1913, plaintiff used the route shown on the map as A-6 to A' for the purpose of drawing loads to the easterly side of his ''Camp'' and asked Bartholomew's permission at one point on a bank traversed by such route to dig into a bank so as to make a better way, and with the knowledge and consent of Bartholomew he did some digging there. Nothing else was done to improve that route, and there was no well defined way from A' to A-6, except in so far as it was shown by such digging. And it is found that at the time of the hearing of this case before the master, there was no defined road as indicated and marked on the map from A-6 to A-7, nor any well defined road from A-6 to A' and beyond, along the course indicated by A' to A'. The foregoing shows that after the defendant became the owner of the farm and up to the time of the hearing before the master there was no well defined way selected by the plaintiff, nor by the defendant wholly within his farm. The parties disagreed as to where the way should be located.

[3]    Under the grant, the grantee is entitled to a convenient, reasonable, and accessible way. *Kinney* v. *Hooker*, 65 Vt. 333, 26 Atl. 690, 36 A. S. R. 864. But he has no right to an arbitrary location, without regarding the interest and convenience of the owner of the land. *Russell* v. *Jackson*, 2 Pick. (Mass.) 574; *Nichols* v. *Luce*, 24 Pick. (Mass.), 102, 35 A. D. 302. The way must be a reasonable one as to both parties in view of all the circumstances, and such as will not unreasonably interfere with the enjoyment of the servient estate. 19 C. J. 971; *McKenney* v. *McKenney*, 216 Mass. 248, 103 N. E. 631; *Ballard* v. *Titus*, 157 Cal. 673, 110 Pac. 118; *Rumill* v. *Robbins*, 77 Me. 193; *McKell* v. *Collins Colliery Co.*, 46 W. Va. 625, 33 S. E. 765; *Holmes* v. *Seely*, 19 Wend. (N. Y.) 507.

[4]    Since the location was not fixed by the grant, and since the owner of the servient estate and the owner of the way are unable to agree upon a location, the decree in this case should establish the route affirmatively and specifically within the limits of the grant, under the principles stated above and .

according to the reasonable convenience of both parties. 19 C. J. 973; *Gardner* v. *Webster,* 64 N. H. 520, 15 Atl. 144; *Davidson* v. *Ellis,* 9 Cal. App. 145, 98 Pac. 254; *Burnham* v. *Mahoney,* 222 Mass. 524, 111 N. E. 396; *Old Colony St. R. R. Co.* v. *Phillips,* 207 Mass. 174, 93 N. E. 792; *Herrin* v. *Sieben,* 46 Mont. 226, 127 Pac. 323.

We omit further reference to, or consideration of, the particular routes suggested or urged by the respective parties, leaving the matter of the location of the way in question, to be determined by the court of chancery in due course of proceedings had for that purpose.

The material exceptions to the report are determined by what we have said above; and in view of the disposition of the case here made, the exceptions not so determined need not be further noticed.

*Decree affirmed and cause remanded to be further proceeded with in accordance with the views expressed in the foregoing opinion. Let the future costs in the court of chancery be there determined.*

NOTE:—When this case was originally argued it was assigned to MR. JUSTICE MILES. On his retirement from the Bench, the case, being ordered for reargument, was assigned to CHIEF JUSTICE WATSON.