## HOUPES v. ALDERSON.

**Right of way:** OBSTRUCTION OF. Where a right of way ran angling through a tract of land over which it was granted, and there was nothing to show that it was within the contemplation of the contracting parties that the way was to be fenced out for the use of the party to whom it was granted, it was held, that the erection of suitable gates, by the owner of the tract, at the points where the way passed the boundary lines thereof, and which worked only the slight inconvenience of opening and closing the gates at the time of egress and ingress, did not amount to an obstruction that was inconsistent with a reasonable use of the way by the grantee, or that justified him in throwing down the gates.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 17.

ACTION in trespass for breaking into plaintiff's inclosure and removing two gates.

Defense: That one of the gates was the property of defendant, and that the other had been erected by plaintiff across a private right of way. At the hearing, a judgment of one dollar was given for plaintiff, and defendant appeals.

*Roberts & Fouke* for the appellant.

*Adams & Robertson* for the appellee.

LOWE, Ch. J.—On the trial of this cause, the evidence disclosed the following facts: That, on the 15th of April, 1863, Jonathan Houpes conveyed to plaintiff the E. ½ of the N. E. ¼ sec. 32, T. 90, R. 1 E. ; also, an eight acre tract adjoining thereto, which defendant admitted vested the title in plaintiff. Plaintiff, by his own testimony, then proved the removal of two gates by the defendant, as charged in his petition, which had been erected by plaintiff across a private way running through the above land, the same being in his possession.

RIGHT OF WAY: obstruction of.

The defendant introduced a warrantee deed of the same date from Jonathan Houpes, conveying to him certain premises, and also the right of way for a road one rod wide, running through the above described tract and intersecting with a public road. Defendant also introduced in evidence a quitclaim deed from the plaintiff to Jonathan Houpes, dated June 27th, 1863, conveying the same premises and the same right of way. Defendant also introduced in evidence a written notice to plaintiff to remove said gates erected across the right of way owned

by him, which was served upon plaintiff six months previous to the removal of the gates by defendant. The defendant further testified, in his own behalf, that only one of the gates was upon plaintiff's land; that the other was upon his own land; that plaintiff had inclosed a part of said right of way; that, in using this right of way, defendant had to open the gate in order to pass. The same facts were testified to by one A. L. Brown, county surveyor. Such was the testimony in the case. And thereupon the court charged the jury " that, if they found, from the evidence, that the gate complained of was erected by the plaintiff on the line of his fence, to protect his inclosure, through which the defendant's private right of way run, and that its erection was to protect the inclosure, and not erected for the purpose of obstructing defendant's right of way, and was so constructed as not unreasonably and unnecessarily to discommode the defendant in the enjoyment of his easement, then defendant had no right to remove the same, and thereby leave the plaintiff's inclosure open, and is liable for any actual damage arising therefrom."

The soundness of this instruction, under the facts stated, is controverted. It is claimed that the right of way granted was absolute and unconditional, that, as such, it could not be interrupted by fences or gates, unless the right to do so had been reserved. Whether the grant or contract securing the right of way is of the character suggested in argument, we have no means of determining, as the same has not been sent up with the record or otherwise shown in the evidence before us. We do learn, however, from the defendant's answer, that the right of way, by the contract, ran angling through the eighty acre lot, and not along one of its boundary lines. It is not therefore probable that it was within the contemplation of the contracting parties, that the same was to be fenced

out for the use of the defendant. If the inclosure was left open at the points where the right of way passed the line of fence, the same could be of no value to the plaintiff for purposes of cultivation.

Without knowing more of the terms of the contract granting the right of way, we are unprepared to hold that the erection of gates across the same is inconsistent with a reasonable use thereof by the defendant. It amounts to no other obstruction than the slight inconvenience of opening and closing the gates at the line of ingress and egress. The charge of the court above complained of, so for as we are advised by the record, expresses the law of the case, and the same is

Affirmed.