[No. 13653. Department One. — February 4, 1892.]

# SIDNEY V. SMITH, Respondent, *v.* GRACE E. WORN, Appellant.

Easement — Right of Way — Deed — Acceptance. — The acceptance by a grantee of a deed conveying a right of way in express terms, and defining with precision the exact piece of land over which the easement is to extend, is an acceptance of all it conveys, and no act is required of him to show his acceptance of the easement as the owner of the dominant tenement.

Id. — Extinguishment — Non-user — Intention to Abandon — Damage to Servient Estate. — An easement acquired by deed is not lost by mere non-user. The non-user must be accompanied with an express or implied intention of abandonment, and the owner of the servient estate, acting upon the intention of abandonment and the actual non-user, must have incurred expenses upon his own estate. The three elements, non-user, intention to abandon, and damage to the owner of the servient estate, must concur, in order to extinguish the easement.

Id. — Recognition of Easement — Hostile Act of Railroad Company — Fence across Way Granted — Adverse Possession. — Where the grantor of a right of way, and his successors in interest, have always recognized the continuance of the easement, the fact that a railroad company built a railroad track and inclosed it with fences across the strip of land over which the right of way was granted, even if such act is considered hostile to the owner of the easement, would not operate to the advantage of the owner of the servient tenement, or permit him to claim that the right to enforce the opening of the road had been lost by adverse possession.

Id. — Acts of Strangers — Incorporeal Hereditament. — A party cannot be deprived of an incorporeal hereditament by the acts of strangers to the title.

Id. — Non-user — Abandonment of Right — Question of Fact. — Where non-user is evidence of an abandonment of a right, the question is one of intention, depending upon the circumstances, and is a question of fact.

Id. — Evidence of Abandonment. — The acts of the owner of a dominant tenement in case of non-user, or to prevent him from claiming an easement acquired by grant, must be of a character so decisive and conclusive as to indicate a clear intent to abandon the easement.

Id. — Estoppel of Grantee — Acts not Prejudicial. — The rule that a grantee will not be permitted to resume an easement granted, where his acts have led other persons to treat the servient estate as free from the servitude, does not apply where no one has been misled to his prejudice by the acts of such grantee.

Id. — Right of Way through Road — Gates and Bars — Question of Fact. — The fact that the deed recited that the right of way granted was through a "road sixty-six feet wide," to be "laid out" by the grantor, does not conclusively show that the grantee is not entitled to a way without gates or bars, but the question is one of fact to be determined from the evidence of the parties, the circumstances under which the

grant was made, the nature and situation of the property, and the terms of the grant.

ID. — "ROAD" — "WAY" — CONSTRUCTION OF DEED — RIGHT OF OBSTRUCTION. — The word "road" is a word of greater significance than the word "way," and is uniformly applied to open and unobstructed roads, unless qualified by some other word, such as the adjective "private," and a deed granting a right of way over a "road" to be laid out should be construed as entitling the grantee to a way without gates or bars, where there is nothing in the description or circumstances to indicate a different intention.

ID. — EXTENT OF RIGHT OF WAY — QUESTION OF FACT. — Nothing passes as incident to a grant of a right of way but that which is necessary for its reasonable and proper enjoyment; and the question as to the extent of the right and duty of the respective owners towards each other is one of fact, to be determined by the language of the grant and all the circumstances existing at the time the grant was made.

ID. — ACTION TO COMPEL OPENING OF WAY — ISSUE AS TO RIGHT OF OBSTRUCTION — PRIVATE WAY — APPEAL — REVIEW OF EVIDENCE. — In an action by the owner of land claiming a right of way over adjacent land, to restrain the owner of the servient estate from obstructing the right of way, where the complaint alleged the plaintiff to be the owner of an open and unobstructed way for the use of all kinds of vehicles at all times "without passing through any gate," and "without any obstruction thereon," and the allegation was denied by the answer, and the issue treated by all parties as one of fact, a decree granting the prayer of the complaint for an open, public thoroughfare will be affirmed upon appeal, where there is no specification of insufficiency of evidence to justify the decision, even if the deed introduced in evidence should be construed as granting only a private way.

APPEAL from a judgment of the Superior Court of Marin County, and from an order denying a new trial.

The diagram on the following page shows the situation of the property in question.

The facts are stated in the opinion of the court.

*Henry Thompson,* and *T. H. Rearden,* for Appellant.

The opening and laying out of the road was a condition precedent to the accrual of any right of way to the plaintiff or his predecessor in title. (*San Francisco* v. *Calderwood,* 31 Cal. 585; 91 Am. Dec. 542; *Graham* v. *Poor,* 50 Mich. 153.) A grant of a right of way which does not by express and positive terms prohibit gates or bars is satisfied by a way closed by gates or bars at the termini. (*Maxwell* v. *McAtee,* 9 B. Mon. 20; 48 Am.

Dec. 409; *Bean* v. *Coleman*, 44 N. H. 539, 544; *Bakeman* v. *Talbot*, 31 N. Y. 368, 370; 88 Am. Dec. 275; *Garland* v. *Furber*, 47 N. H. 304; *Houpes* v. *Alderson*, 22 Iowa, 162; *Baker* v. *Frick*, 45 Md. 337; 24 Am. Rep. 506.) The defendant has acquired an absolute title to the strip cf land in question by adverse occupation, free from any right of way. (*Thompson* v. *Myers*, 34 La. Ann. 615; *Cantagrel* v. *Von Lupin*, 58 Tex. 570; *Cady* v. *Fitzsimmons*, 50 Conn. 209; *Corwin* v. *Corwin*, 24 Hun, 147; *Chandler* v. *Jamaica Pond Aqueduct*, 125 Mass. 544; *Thompson* v. *Pioche*, 44 Cal. 508.) The right of way is not one of necessity, but the plaintiff has ample access to his property without recourse to the way claimed. (*Fischer* v. *Laack*, 76 Wis. 313; *Smith* v. *Griffin*, 14 Col. 429; *In re Ladue*, 118 N. Y. 213.) The acts of the plaintiff and his predecessors in title have been sufficient to induce the defendant and her predecessors in title to believe that the easement had been abandoned. (*Tyler* v. *Cooper*, 47 Hun, 94; *Welsh* v. *Taylor*, 7 N. Y. Sup. Ct. 376.) The plaintiff's case does not disclose any grounds for relief by injunction, but on the contrary, even if he has any rights in the premises, his proper remedy is by action for damages. (Washburn on Easements, 3d ed., 698, 699.)

*Hepburn Wilkins*, for Respondent.

By the terms of the deed there was a grant of an easement *in præsenti*, and not a mere covenant to open and lay out the road. (*Randall* v. *Chase*, 133 Mass. 210; *Pitkin* v. *Long Island R. R. Co.*, 2 Barb. Ch. 221; 47 Am. Dec. 320; *Tufts* v. *Charlestown*, 2 Gray, 271; *Thomas* v. *Poole*, 7 Gray, 83; *Lide* v. *Hadley*, 36 Ala. 627; 76 Am. Dec. 338; Tiedeman on Real Property, sec. 603.) An easement created by express grant is not lost by non-user. (2 Washburn on Real Property, 4th ed., 339; Tiedeman on Real Property, sec. 605.) And our Civil Code recognizes that only servitudes acquired by enjoyment (prescription) can be extinguished by disuse. (Civ. Code, sec. 811, subd. 4.) Injunction was the plain-

tiff's proper remedy. (*Stallard* v. *Cushing,* 76 Cal. 472; *Kittle* v. *Pfeiffer,* 22 Cal. 491; *Williams* v. *Essing,* 4 Pa. St. 486.)

PATERSON, J. — On September 14, 1871, David Porter conveyed to Sidney V. Smith, the father of plaintiff, a tract of land described in the first paragraph of the complaint. The deed contained this clause: —

"Also the right of way to the said party of the second part, his heirs and assigns, at all times hereafter, over, upon, and through a road sixty-six feet wide, which shall be laid out by said party of the first part over the lands owned by him, and shall run westward from the Ross Landing road, and immediately south of, but adjacent to, the tract of land so sold and conveyed to said James Ross and the land first hereinabove described, such road to be opened and laid out from said Ross Landing road until it strikes the foot of the low spur mentioned in the first course of the description of the tract of land first hereinabove described."

Porter, in 1872, conveyed the remainder of his ranch to one Walker by deed, which contained a stipulation to the effect that the land therein described was conveyed subject to the right of way over it created by the deed from Porter to Smith; and in 1874, Walker conveyed the same land to Annie S. E. Worn by deed, which contained a similar clause. In 1881, said Annie laid out the property into blocks and lots for the purposes of an auction sale, and filed a map thereof in the recorder's office, showing an avenue, called Linda Vista Avenue, sixty-six feet wide, on the line of the right of way named in the deed from Porter to Smith, and thereafter she conveyed the tract to appellant by a deed which included the strip in question. Smith, Sen., conveyed to plaintiff on January, 13, 1880, referring, in the deed, to the road sixty-six feet wide described in the deed from Porter. All of the deeds referred to were recorded, respectively, soon after they were executed. At the time Smith received his deed from Porter, there was a fence inclosing Porter's

land along the Ross Landing road.    The road referred
to in the deed had not been laid out.    There was a fence
on the north side of the strip along the Tunstead tract.
The fence which constituted the western boundary of
the Ross Landing road ran across the end of the strip
of land referred to.    There was nothing on the land
indicating in any way the existence of any road over
it.    The strip of land was a part of a large field, and
it remained in this condition until the year 1874,
when the track of the North Pacific Coast railroad was
laid across it at the eastern end, extending westward
about forty feet in breadth.    The old fence on the west-
ern side of the Ross Landing road formed the eastern
boundary of the railroad track, and a new fence was
erected across the piece of land on the inside, which
formed the western boundary of the railroad track.
There were, therefore, two fences and a railroad across
the strip of land over which the right of way is claimed.
Nothing was done by either of the Smiths to indicate an
intention to lay out the road until a short time before
this action was commenced, June, 1888.    The lands have
been used by the defendant and her tenants in the same
manner as the rest of the land within the inclosure.
Before the commencement of this action, the railroad
company, at the request of plaintiff, removed the fences
inclosing their track, where they crossed the sixty-six-
foot strip.    The defendant rebuilt the inside fence, and
announced her intention of keeping it up.    Plaintiff
removed the obstruction, and commenced this suit to
enjoin the defendant from any further interruption of
his right, and to restrain her from " putting up, con-
structing, or maintaining any gate, fence, or obstruction
of any kind, on any part of said way."

It is claimed by appellant that there was no grant of an
easement to Smith by Porter; that there could be no ease-
ment until the road was laid out; and that the right to
enforce the opening of the road has been lost by adverse
occupation.    But neither the portions of the evidence nor
the authorities cited by her support her contention.    The

deed to Smith conveys a right of way in express terms. It defines with precision the exact piece of land over which the easement is to extend, namely, a strip sixty-six feet wide, running in front of Ross's land from the county road to a fixed point. Nothing whatever was required to be done to fix the right of way or its location. Nothing remained for either party to do in the premises. The lines of the road were determined, and the land to be burdened with the easement was clearly indicated. No act was required on the part of Smith to indicate an acceptance by him as the owner of the dominant tenement. The acceptance of the deed was an acceptance of all it conveyed. The right conveyed was not merely personal to Smith, but was an easement which he could convey. (*Randall* v. *Chase*, 133 Mass. 210; *Lide* v. *Hadley*, 36 Ala. 627; 76 Am. Dec. 338.)

There is no evidence whatever of any adverse claim on the part of Porter or his grantees. Plaintiff's title to the right of way has always been recognized. The only matter about which there seems to have been any dispute at all up to the time plaintiff removed the fence was the plaintiff's right to the use of the strip of land *without any gate at either end,* defendant being willing that he should use the land, provided gates were maintained.

An easement acquired by deed is not lost by mere non-user. "It must be accompanied with the express or the implied intention of abandonment, and the owner of the servient estate, acting upon the intention of abandonment and the actual non-user, must have incurred expenses upon his own estate. The three elements, non-user, intention to abandon, and damage to the owner of the servient estate, must concur in order to extinguish the easement." (Tiedeman on Real Property, sec. 605.) "Nothing short of a use by the owner of the premises over which it was granted, which is adverse to the enjoyment of such easement by the owner thereof, for the space of time long enough to create a prescriptive right, will destroy the right granted." (Washburn on

Easements, 2d ed., 640–642; Civ. Code, sec. 811, subd. 4,
and note to commissioners' annotated edition.)   The de-
fendant and her grantors, by word and by deed, have
always recognized the existence and continuance of the
plaintiff's right of way.   The easterly fence remained
the same as it was when the land was conveyed by Por-
ter, and the owners of the servient tenement used the
land just as it had always been used.   Of course, the act
of the railroad company in building its fence across the
strip of land, even if considered a hostile act, cannot
operate to the advantage of the defendant.   One cannot
be deprived of an incorporeal hereditament by the act
of strangers to the title.   (*Jewett* v. *Jewett*, 16 Barb. 159.)
Where non-user is evidence of an abandonment of a
right, the question is one of intention, depending upon
the circumstances, and this is a question of fact to be
determined by the court or the jury.   The appellant
brings this case before us upon a finding which is
against him as to that fact, and this finding is supported
by the evidence.   The acts of the owner of the dominant
tenement in case of non-user, or to prevent him from
claiming an *easement acquired by grant*, must be of a
character so decisive and conclusive as to indicate a
clear intent to abandon the easement.   (*Hayford* v.
*Spokesfield*, 100 Mass. 494; *Smyles* v. *Hastings*, 22 N. Y.
224.)   Where the acts of the grantee have led other per-
sons to treat the servient estate as free from the servitude,
he will not be permitted to resume the easement, because
he cannot do so without doing injustice to those who
have acted upon the appearances of abandonment.   In
the case at bar, however, no one has been misled to his
prejudice by the acts of the plaintiff.

It is claimed by appellant that the relief granted by
the decree is too broad; that the decree substantially
grants an open, public thoroughfare, whereas the cove-
nant in the deed is for a mere private right of way.   One

of the questions in issue, however, was, whether the plain-
tiff was entitled to the use of the road without any gate
or any other obstruction thereon.   It is alleged in the

complaint that the plaintiff is the owner of an open and unobstructed way sixty-six feet wide, "for the plaintiff himself, and his servants, agents, and visitors, on foot and on horseback, with carriages and wagons and every kind of vehicles, to go, return, pass and repass, every year and at all times of the year, and at his and their free will and pleasure, *without passing through any gate on said road sixty-six feet wide, and without any obstruction thereon.*" This alleged right of the plaintiff was denied by the defendant. Although the allegation was a mere conclusion of law, it was denied, and the issue was treated by all parties as one of fact. The prayer of the complaint asked for the relief granted; the defendant had full notice of the claim made; the finding of the court is not attacked in the specifications of the insufficiency of the evidence, and for that reason alone is conclusive. We prefer, however, to put our decision upon the merits of the question. Appellant asks us to hold as matter of law that it appears upon the face of the grant that the grantee is not entitled to a way without gates or bars. If the question were one of law based exclusively upon the language of the grant, we should be inclined to construe the grant to be one of an open road sixty-six feet wide unobstructed by gates or bars. The right of way granted is through a *road* sixty-six feet wide, and this road is " *to be laid out* by the party of the first part over the lands owned by him." The word "road," as used in our laws, is uniformly applied to open and unobstructed roads, unless qualified by some other word, like the adjective " private," and such is the common as well as legal acceptation of the word. (*Res. Pub.* v. *Arnold,* 3 Yeates, 421, 422; *Kister* v. *Reeser,* 98 Pa. St. 4; 42 Am. Rep. 608.) It is a term of greater significance than the term " way." (*Mining Co.* v. *Kennedy,* 3 Nev. 394; *Sherman* v. *Buick,* 32 Cal. 241; 91 Am. Dec. 577.)

But the question has been uniformly regarded by the courts as one of fact for the jury. The extent of the right and duty of the respective owners towards each other is to be determined by the language of the grant,

and all the circumstances existing at the time the grant was made. "Nothing passes as incident to such a grant but that which is necessary for its reasonable and proper enjoyment." (3 Kent's Com. 419, 420.) "What is necessary for such reasonable and proper enjoyment of the way granted, and the limitations thereby imposed on the use of the land by the proprietor, depends upon the terms of the grant and the purposes for which it was made, the nature and situation of the property subject to the easement, and the manner in which it has been used and occupied." (*Baker* v. *Frick,* 45 Md. 340; 24 Am. Rep. 506; *Bean* v. *Coleman,* 44 N. H. 541; *Maxwell* v. *McAtee,* 9 B. Mon. 20; 48 Am. Dec. 409; *Bakeman* v. *Talbot,* 31 N. Y. 368; 88 Am. Dec. 275; *Garland* v. *Furber,* 47 N. H. 302; *Houpes* v. *Alderson,* 22 Iowa, 162.)

The court heard the evidence of the parties, and considered all the circumstances under which the grant was made, the nature and situation of the property and the terms of the grant, and found in favor of the plaintiff. The finding is supported by evidence, and cannot be disturbed.

The points made by appellant as to the remedy, we think, are not well taken.

Judgment and order affirmed.

HARRISON, J., and GAROUTTE, J., concurred.