[L. A. No. 1049.  Department One.—October 2, 1902.]

## GEORGE WALKER, Appellant, v. CLAUDE LILLING-STON, Respondent.

WATER RIGHTS—RESERVATION IN GRANT BY RIPARIAN OWNER—CERTAINTY.—A riparian owner may make a valid reservation in a conveyance of a lower part of his land of so much water from the riparian stream as may be necessary to supply and work continuously a No. 5 hydraulic ram, which the court finds to require the flow of a specified number of gallons per minute. If the quantity of water so required is susceptible of ascertainment, the reservation is sufficiently certain.

ID.—QUANTITY OF WATER RESERVED—CHANGE OF MEANS SPECIFIED.—A contrary intention not being plainly manifest, the reservation of water-power for a hydraulic ram of specified size is not to be held as fixing the manner of use, but as fixing the quantity of water reserved. The fact that the riparian owner abandoned the use of the hydraulic ram and secured the use of the amount of water by other means is not material, and cannot affect the right to the use of the quantity of water reserved.

ID.—CONSTRUCTION OF RESERVATION—RIPARIAN RIGHTS.—A reservation of a water right is to be construed in favor of the grantor; and whatever rights are held under a reservation in a grant made by a riparian owner to a grantee of lower land are to be deemed riparian in character.

ID.—EFFECT OF NON-USER—ADVERSE USER.—The non-user by the riparian owner of the amount of riparian water reserved cannot extinguish the reservation; nor can the grantee of the lower land granted, by any acts of appropriation of the stream upon his lower land, acquire an adverse user which can defeat the riparian rights of the upper riparian owner.

CXXXVII. Cal.—26

APPEAL from an order of the Superior Court of Santa Barbara County denying a new trial. W. S. Day, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

Richards & Carrier, for Respondent.

GAROUTTE, J.—The present litigation arises between conflicting claims to the use of certain waters of a stream. Plaintiff appeals from the order denying his motion for a new trial, and upon that appeal the sufficiency of the evidence to support the findings of fact and the rulings of the court upon the admission and rejection of evidence alone will be considered. For it is only upon appeal from the judgment that the sufficiency of the findings becomes material.

The facts are these: Pardee and Richards were riparian owners of a certain tract of land. They conveyed a part of the land to appellant's predecessors in interest, the deed containing the following reservation: "Reserving and excepting from this conveyance and the premises hereby granted unto us, said Richards and Pardee, and our heirs and assigns forever, so much water and the use thereof of the said Carpinteria Creek as may be necessary to supply and work continuously a No. 5 hydraulic ram, and at such point upon our premises adjoining those hereby conveyed as may at any time be selected by us, said Richards and Pardee, or their assigns, and the right for themselves and for the benefit of and incidental to their said premises and adjoining those hereby conveyed, to appropriate, take, and use said waters from any part of said creek wherever to them may seem proper, providing that they shall turn back into said creek channel all surplus water or waste water from said ram after the use of the same as above provided." Defendant is the successor in interest of the remaining portion of the Pardee and Richards land, and claims the right to the use of the water under the aforesaid reservation.

Upon the part of appellant, Walker, it is claimed that the reservation is void for uncertainty in this, that the quantity of water reserved cannot be determined. To this point evidence was introduced, and the court found as a fact "That

the quantity of water that is necessary to supply and work continuously a No. 5 hydraulic ram is 128 gallons of water a minute, and that the quantity of water that a No. 5 hydraulic ram will pump is sixteen gallons a minute.'' Largely upon the strength of this finding the court concluded, as a matter of law, ''that defendant is entitled to take from the water of said creek and to use and appropriate to himself, prior and superior to any right of plaintiff, a quantity of water representing a flow of sixteen gallons a minute.'' If the quantity of water which may be pumped by a No. 5 hydraulic ram under any given conditions is a matter susceptible of ascertainment, then the measure here furnished is sufficiently certain. The testimony of the expert witness, Poett, is to the effect that the amount of water that a No. 5 hydraulic ram will pump is a matter of mathematical computation; and he also testified that under the best conditions the ram would pump sixteen and nine-tenths gallons of water per minute.

It is insisted that Richards and Pardee, being riparian owners, could not by their grant reserve a right to the use of riparian water. But this contention is overthrown in *Yocco v. Conroy*, 104 Cal. 468. It is also contended that all rights under the reservation were lost by abandonment and adverse user. The fact that defendant abandoned the use of the ram and secured the benefit of the water by other means is not deemed material by the court. The defendant's right to the use of the water did not cease when he ceased to use the ram. Unless a contrary intention is plainly manifest, a reservation of water-power for certain machinery is not to be held as fixing the manner of the use, but as fixing the measure of the quantity of water reserved. (*Hall* v. *Sterling*, 148 N. Y. 432.) The reason of the rule is thus declared in the case just cited: ''First. It is more beneficial to the grantee, without being more onerous to the grantor, that he should be permitted to apply the water granted to any machinery he pleases, not requiring a greater amount of power than that specified in the grant. Secondly. It is supported by public policy. The interests of the community will generally be best promoted by allowing an unrestrained application of the power to such machinery as will be most profitable to the owner.'' To this same point it is declared, in substance, in *Smith* v.

*Worn*, 93 Cal. 206: "An easement acquired by deed is not lost by mere non-user." And to the same effect in *Currier* v. *Howes*, 103 Cal. 431, and *Lindeman* v. *Lindsay*, 69 Pa. St. 93.[1]

Was defendant's right to the use of these waters under the reservation in his deed extinguished by adverse user? Whatever rights he held under the reservation in the grant to appellant's predecessors were riparian in character. And it is impossible for the court to see how any acts of appropriation by appellant's predecessors at a lower point upon the stream can defeat respondent's riparian rights. For respondent's rights have not been invaded by any act of a lower appropriator. As a riparian owner he is not bound to use the water, or, in case of non-user, lose his right to its use. Appellant relies for the basis of his right upon prior appropriation, yet, as already suggested, his point of diversion lies upon the stream below a great portion of respondent's land. There is not even a claim made by appellant that the reservation of riparian water to the extent of sixteen gallons per minute was the reservation of an amount in excess of the quantity which respondent would be entitled to as a riparian owner regardless of the reservation.

While the findings of fact are to some slight extent inconsistent, still, as previously suggested, there is no appeal here from the judgment; and after a careful consideration of them all as a whole, it is apparent that the trial court by its judgment only intended to allow respondent a quantity of water amounting to a flow of sixteen gallons per minute. This was the amount reserved by the deed, and it is immaterial whether respondent used it by means of a hydraulic ram or diverted and appropriated it entirely by means of a dam and iron pipe.

The assignments of error bearing upon the admission and rejection of evidence are not well taken.

For the foregoing reasons the order denying a new trial is affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.

[1] 8 Am. Rep. 219.