[Sac. No. 3387. In Bank.—October 4, 1923.]

## CITY OF VALLEJO (a Municipal Corporation), Respondent, v. M. SCALLY, Appellant.

[1] EASEMENTS—DEEDS—NONUSER.—Mere nonuser of a right of way created by deed of grant does not destroy such right of way so created.

[2] ID.—RIGHT TO LAY AND MAINTAIN WATER-PIPES—ABANDONMENT—EVIDENCE—NONUSER.—An abandonment of an easement, by which a city is granted the right to lay and maintain water-pipes or mains in the grantor's land, to enter upon the land for such purpose and also for the purpose of repairing and inspecting and maintaining said pipes or mains, is not established by evidence of the nonuser of a laid pipe-line for the flow of water, of the establishment of a new pipe-line for the flow of such water, and of the abandonment of certain portions of the. old line, rendering it unlikely that such old line will ever be re-established as a conduit for water, and there being no intention to abandon the pipe-line.

[3] ID.—TITLE—REMOVAL OF PIPE-LINE.—The evidence being insufficient to establish an abandonment of such an easement and there being no intention on the part of the city to abandon the pipe-line, the city not only owned the pipe-line but also the right of way and had the right to remove the pipe-line.

[4] ID. — JUDGMENT — SECTION 4½, ARTICLE VI, CONSTITUTION.—The grantor of the easement having failed to establish that there has been any miscarriage of justice by reason of the judgment in favor of the city, the judgment cannot, under section 4½ of article VI of the constitution, be reversed for mere errors of procedure.

---

1. Whether mere nonuse will work extinguishment of easement, notes, 14 Am. St. Rep. 282; Ann. Cas. 1917D, 595; 1 A. L. R. 884; 9 A. L. R. 423; 18 L. R. A. 535.

APPEAL from a judgment of the Superior Court of Napa County.  H. C. Gesford, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Frank L. Coombs and Nathan F. Coombs for Appellant.

John T. York and L. G. Harrier for Respondent.

WILBUR, C. J.—On July 11, 1893, the defendant and his wife deeded to the plaintiff, the City of Vallejo, a right of way over certain real property "for any water pipes or mains which may be laid by the City of Vallejo, the party of the second part, and the right to maintain such water pipes, provided that all water pipes and mains shall be laid so that not less than one and one-half feet of ground shall cover such water pipes or mains, and that in no case shall the said water pipes interfere with the proper cultivation of the land of the party of the first part, and also the use of so much land as is necessary in the laying down and maintaining of said pipes, and also the right to enter into and upon said lands for the purpose of laying and maintaining said pipes or mains, and also at all times in the future for the purpose of repairing and inspecting and maintaining said pipes or mains, and causing no more damage in entry or entries than cannot be avoided. . . . " These water-pipes were laid, and thereafter, in 1902, the City of Vallejo constructed a new pipe-line, which rendered unnecessary the continued use of the pipe-line in the said right of way across the defendant's land.  From that time forward the pipe-line laid along the right of way in question was not used by the plaintiff for the conduct of water.  In 1918 the City of Vallejo desired to remove the pipe-line laid in the right of way on defendant's property, and upon finding that the defendant opposed the removal of such pipe-line, brought this action in claim and delivery; and under the writ issued herein removed the property and sold it. The defendant claims the property as personal property and appeals from the judgment of the superior court in favor of the plaintiff.

The trial court found as a fact that the plaintiff had abandoned the right of way in question but had not aban-

doned the pipe-line, and that the plaintiff still owned the pipe-line.

The finding that the plaintiff had abandoned the right of way was erroneous.   [1]   It was shown without controversy that the plaintiff had ceased to use the right of way, but mere nonuser does not destroy an easement created by a deed of grant (Civ. Code, secs. 806, 811, subd. 4; *Gardner* v. *San Gabriel Valley Bank,* 7 Cal. App. 106, 111 [93 Pac. 900]; *Smith* v. *Worn,* 93 Cal. 206, 212 [28 Pac. 944]; *Storrow* v. *Green,* 39 Cal. App. 123 [178 Pac. 339]; *Parker* v. *Swett,* 40 Cal. App. 68 [180 Pac. 351]).   In *Parker* v. *Swett, supra,* it was said: "It is true that the plaintiff and his predecessors have neglected for twenty-five years to exercise their right to lay a pipe-line, but an easement founded upon a grant cannot be lost by mere nonuser, no matter how long that nonuser may continue."   (Citing *Currier* v. *Howes,* 103 Cal. 437 [37 Pac. 521]; *Walker* v. *Lillingston,* 137 Cal. 401 [70 Pac. 282].)   A petition for rehearing in this case was denied by the supreme court.

The case of *Home R. E. Co.* v. *Los Angeles Pac. Co.,* 163 Cal. 710 [126 Pac. 972], is cited as sustaining the conclusion that there is sufficient evidence in this case, in addition to the mere nonuser, to support the finding of abandonment. In that case, however, the court was dealing with an agreement to convey an easement based in part upon the benefit to be derived by the grantor by the operation of the railway.   The railroad was constructed under the agreement without any conveyance of the easement, and the defendant thereby acquired a license only "for the purpose of carrying passengers over said road and across said thirty-foot strip to and from the city of Los Angeles, and otherwise to do a general railroad business over the same."   The railroad company had constructed a parallel road to Los Angeles and had ceased to use said right of way for the purposes for which it had been conveyed.   In the case at bar the easement was granted to lay and maintain water-pipes. Nothing is said about the use of the pipes, and, of course, the grantor of the easement was not interested in that matter so long as his use of the land for agricultural purposes was not interfered with   The situation here presented is entirely different from that considered in *Home R. E. Co.* v. *Los Angeles Pac. Co., supra.*

It is difficult to see how there could be either an abandonment or a nonuser of the easement so long as it was actually occupied by water-pipes owned by the plaintiff, which it is found by the court the plaintiff had no intention of abandoning. If the plaintiff intended that its water-mains should remain in a right of way granted to it by deed for the purpose of laying such pipes or mains it is difficult to see how the city could be said to have abandoned the easement without some formal declaration to that effect based upon a consideration or a deed, grant, or quitclaim. [2] The only evidence of abandonment pointed out is the nonuser of the pipe-line for the flow of water, the establishment of a new pipe-line for the flow of such water, and the abandonment of certain portions of the old line, rendering it unlikely that such old line will ever be re-established as a conduit for water. This evidence is insufficient to establish an abandonment of the easement, particularly where the court found affirmatively that there was no intention to abandon the pipe-line. The findings in that regard are as follows:

"That no acts indicating an intention to abandon the pipe laid down and constructed under the terms of the said deed aforesaid were ever done or performed by the Plaintiff, and that it was not the intention of the Plaintiff to desert or abandon said pipe, or the materials of which it consisted, notwithstanding the apparent intent on the part of the City of Vallejo not to again use said pipe, or materials, laid down and constructed across the land of the Defendant for the purpose of carrying water. . . .

"That the Plaintiff, by reason of the non-use of the easement granted by said deed aforesaid, and the original pipe-line over in and upon the land of the Defendant, and other acts as shown by the evidence in the case ever since the year 1907, in carrying of water from Creston to Fleming Hill Reservoir, through the pipe-line laid in and along said right of way, has shown its intention to abandon and has abandoned its easement and the right of way conveyed by said deed aforesaid."

The defendant's claim is, in substance, that the plaintiff abandoned the easement and this restored the ownership and possession thereof to the defendant as owner of the fee; that plaintiff retained the right to remove the pipe only for the period of the statute of limitation for the recovery of

personal property in the possession of another, plus a reasonable period for a demand and refusal of such possession. [3] But, as we have said, the finding that the easement was abandoned was erroneous and inconsistent with the findings above quoted concerning the pipe-line. The findings, taken together, amount to a finding that the plaintiff intended to use the right of way for the pipe-line until it decided to remove the same.

It was originally conceded by the respondent that inasmuch as it did not appeal from the judgment in its favor it was bound by the finding of abandonment and that we must decide the case upon the assumption that the finding of abandonment is conclusive upon the respondent. Upon this assumption the parties in their briefs discussed their rights in and to the pipe-line upon the theory that the fee of the land and the easement for a right of way thereover are both vested in the defendant. Upon this basis the question of who was in possession of the pipe-line and whether or not the statute of limitations had run in favor of the defendant because of his possession of the pipe-line and whether or not sufficient demand was made by the plaintiff for the pipe in the land before the bringing of the suit are discussed and presented for our review. Upon argument of the cause and in briefs subsequently filed the respondent has insisted that the finding as to the abandonment of the easement was unsupported by the evidence, and in this view we concur. The trial court arrived at a correct conclusion, namely, that the pipe in the land belonged to the City of Vallejo. In doing so, however, it entered an erroneous finding of fact against the city to the effect that the right of way had been abandoned. The city not only owned the pipe-line but also the right of way and had the right to remove the former. It has removed the pipe under the writ of replevin in this case. Whether or not this form of action was an appropriate one is a matter which does not now concern us.

[4] The defendant has failed to establish that there has been any miscarriage of justice by reason of the judgment of the trial court, and we cannot reverse it for mere errors of procedure (Const., art. VI, sec. 4½).

Judgment affirmed.

Waste, J., Seawell, J., Lennon, J., and Lawlor, J., concurred.