[Civ. No. 7833. Third Dist. July 2, 1951.]

WOODS IRRIGATION COMPANY (a Corporation), Respondent, v. JACK KLEIN et al., Appellants.

Smith & Zeller for Appellants.

Jones, Lane & Weaver for Respondent.

PEEK, J.—This is an appeal by defendants from a decree in favor of plaintiff arising out of an action for declaratory relief.

The complaint alleged that plaintiff is a corporation engaged in the business of supplying irrigation and drainage services; that by virtue of a contract entered into on September 29, 1911, between plaintiff and the then owners of the lands involved herein, plaintiff was granted in perpetuity the right to ''construct, maintain, police, patrol, operate, extend, widen,

and repair a series of canals for the purpose of irrigation and drainage, through, over and across'' said lands. At the same time a second agreement was entered into between the same parties by which plaintiff agreed to furnish water for irrigation and to maintain drainage canals. It was further alleged that in order for plaintiff to supply drainage to certain parts of the tract which previously had required no drainage it has now become necessary for plaintiff to extend certain canals and ditches; that in order to do so it is necessary that a portion of one of the presently located irrigation canals be discontinued; that a part of said canal be converted into a drainage ditch, and that it be extended across the lands of defendants, the successors in interest of the original owners to a portion of lands included in the 1911 contract.

The answer of defendants alleges that the action contemplated by plaintiff amounts to a relocation of the main irrigation canal, and that it would divide defendants' lands, making them unfit for agricultural purposes. Defendants further allege that when plaintiff laid out, constructed and definitely fixed the location of the canals and ditches it exercised all of its rights under the original agreement and hence has no further right to burden defendants' lands with additional canals and ditches.

Upon the issues so formed the cause proceeded to trial, and at the conclusion thereof the court found, among other things, that it was not the intention of the contracting parties that the irrigation and drainage system would remain as originally established but rather that the parties intended the system to be a ''dynamic'' one; that in order for plaintiff to fulfill its obligations and satisfy demands of owners within the tract for such services it was necessary for plaintiff to extend its drainage and irrigation canals as proposed, which proposal was reasonable and did not impose an undue burden on defendants. From the judgment which was accordingly entered defendants have appealed.

The record shows that with possibly three exceptions the present system of canals and ditches is substantially the same today as it was when the agreements were entered into in 1911. However, the record is silent as to whether such changes were made with or without the landowners' consent.

Two of the present owners in the tract, W. P. Remonda and Peter G. Ohm, have now demanded of plaintiff that it furnish drainage to their lands which at no time since the execution of the agreements have been supplied with such service. Ohm,

who was called as a witness in behalf of plaintiff, testified that the particular land now owned by him had been owned by members of his family in excess of 35 years, and that now, because of inability to drain excess water and wash away the accumulation of salts, the lands are becoming more and more alkaline, and that if farming is to continue, some means for drainage must be worked out. The record is silent as to the condition of Remonda's property except that he likewise has made demands upon plaintiff for drainage service.

It is plaintiff's contention that under the two agreements executed in 1911 it has the right to proceed with its proposed plan. Specifically it relies upon the following portion of the first agreement:

"That in consideration that the party of the second part will operate and maintain a canal system and a drainage system through which the parties of the first part may receive water for irrigation, and may dispose of drainage or waste waters, the parties of the first part do hereby grant in perpetuity the right to the party of the second part, to construct, maintain, police, patrol, operate, extend, widen, and repair a series of canals for the purpose of irrigation and drainage, through, over and across that certain land situated in the County of San Joaquin, State of California, and described as follows, to-wit:"

And the following portions of the second agreement:

"Third: The parties of the first part (Wilhoit and Douglass) further agree that the party of the second part (Woods Irrigation Company) may have the right of ingress and egress upon, over and across the above described land for all the purposes appurtenant to the management and care of its irrigation and drainage system."

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"The main canal and laterals, as constructed by the Company, shall be such as to furnish water to all of the land at such places as may be necessary to allow the subdivision of the land in tracts of 40 acres, being of the general dimensions of 10 by 20 chains, the lesser dimension bordering along the canal."

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"The Company shall construct and maintain drainage canals, pumps and appliances, sufficient to relieve the irrigated land of waste or surplus waters."

In further support of such contention plaintiff argues that

the two agreements clearly show that when they were executed
appellants' predecessors in interest contemplated the proba-
bility of subdividing the entire 3,500 acres; that with such
thought in mind they made provision for the existence, con-
struction, development and growth of a comprehensive system
of irrigation and drainage involving the use of a series of
canals and ditches, the exact number and extent of which
was not, nor could not be, determined at the time of the execu-
tion of said agreements. Hence, in order for it to perform
its obligation under the contracts it must necessarily have
the corresponding right and authority to subject the lands
described in the contracts to the burden of irrigation and
drainage canals, and that to perform the dual purpose of the
contracts, drainage must be supplied as well as irrigation.

Furthermore, respondent argues that what it proposes is in
effect only an extension of its canals in accordance with the
terms of the agreements.

Appellants, however, contend that the work contemplated
is not an extension of the canals but is in effect a relocation
of a portion of the system; that respondent at the inception
of its contract elected to exercise the rights granted thereunder
in a particular manner, and hence, having exercised its rights,
it is limited thereby, and since the grant contained in the
agreements could only be exercised but once it has now ex-
hausted its rights thereunder.

Since it is not here contended that any easement in favor
of respondent exists other than by grant, the rights asserted
by it must be found in the agreements above mentioned.

Under section 806 of the Civil Code, which defines the
extent of all servitudes, the controlling factor is the terms of
the grant. (*Fristoe* v. *Drapeau,* 35 Cal.2d 5, 9 [215 P.2d 729].)
Here, the grant, which is general, is expressly related
to the covenant of the irrigation company to operate and main-
tain a canal system for the purpose of supplying irrigation
water and disposing of drainage for the lands over which
the grant extends. Hence, at the start, all the rights granted
respondent were limited to such exercise thereof as would be
necessary to carry out its undertaking as to irrigation and
drainage. Of particular import in the granting clause are the
words "construct" and "extend." Respondent's right to
construct irrigation and drainage ditches, which existed at
the outset, was necessarily limited by the rule that where a
grant of an easement is general as to the extent of the burden
to be imposed on the servient tenement, an exercise of the

right, with the acquiescence and consent of both parties in a particular course or manner fixes and limits it to the particular course or manner in which it has been enjoyed, so that it cannot be changed at the pleasure of the grantee of the easement. (*Winslow* v. *City of Vallejo*, 148 Cal. 723 [84 P. 191, 113 Am.St.Rep. 349, 7 Ann. Cas. 851, 5 L.R.A.N.S. 851].)

Therefore, the ditches necessary to carry out respondent's obligations under the two agreements, once located, cannot be relocated. Any other rule would make the burden imposed by the easement a matter of perpetual speculation and subject the servient owners to continual uncertainty as to their rights in the use and enjoyment of their land.

But, argues respondent, and the trial court so concluded, the grant here involved is unique in that it is part of a "dynamic" system for the irrigation and development of the land, which system contemplates change and expansion to meet the growing needs of all the servient owners. We think the grant is not that broad. While it entitles respondent to widen and extend ditches and construct yet unlocated ditches to meet the rightful demands of Remonda and Ohm it does not permit respondent further to burden the servient lands by relocating already established ditches or canals. This conclusion in no way limits plaintiff's power as a public utility to condemn lands for the purposes of relocation, revision or overhauling the existing system which the evidence shows to have been among the primary objects of the plan as proposed by respondent. Furthermore, said plan so proposed is not the only means of extending drainage to Remonda and Ohm. The record shows that appellants themselves proposed two alternative plans, each of which, according to plaintiff's own expert witnesses, would be effective to carry out the demands by said owners for drainage facilities.

Accordingly, the judgment is reversed with instructions to the trial court to enter a declaration of plaintiff's rights as prayed for in the complaint consistent with our decision herein.

Adams, P. J., and Van Dyke, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 30, 1951.