[Civ. No. 23716. Second Dist., Div. Two. July 23, 1959.]

JOHN O. HALEY, Appellant, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Respondent.

James M. Gammon for Appellant.

Harold W. Kennedy, County Counsel, Edwin P. Martin and Edward A. Nugent, Deputy County Counsel, for Respondent.

ASHBURN, J.—Plaintiff sues to quiet title to the unused portion of a strip of land over which his predecessors granted an easement to defendant for flood control purposes. A general demurrer to his second amended complaint was sustained without leave to amend and plaintiff appeals from the ensuing judgment of dismissal.

Plaintiff is the successor in interest to Lucius and Jeannette Vogel who, on August 10, 1932, conveyed to the Flood Control District a perpetual easement for flood control purposes across certain land owned by them. The deed recites that it is made "in the consideration of the benefits to be derived by the undersigned by the establishment and maintanance of the official channel hereafter referred to and for other valuable considerations"; grants "a perpetual Easement for flood control purposes in, over and across the following described real property situate in the County of Los Angeles." Here follows a metes and bounds description. The deed then specifies that: "The easement herein granted shall include the right to construct, reconstruct, inspect, maintain and repair a channel and protection works for the purpose of confining the waters of Los Angeles River in a single

channel and the right to enter upon and to pass and repass over and along said land to deposit tools, implements and other materials thereon to take therefrom and use earth, rock, sand and gravel for the purpose of excavating, widening and deepening and otherwise rectifing the channel and for the construction, maintenance and repairs of embankments and other protection work by said District it's officers, agents and employes and by persons under contract with it and their employes whenever and wherever necessary for flood control purposes. . . . To have and to hold together with the right to do all things necessary to be done for the purpose of confining the water of said stream within said right way." Appellant alleges that the easement was granted in order "to procure the protection of the land herein referred to from said periodic floods," which averments refer back to the statement "that said property was intersected by the Los Angeles River, which was subject to annual overflow of said river and to shifting of the channel thereof." The parcel described appears to be 826.78 feet in width at the north end and 800.92 feet at the south boundary. It is not possible to determine from the complaint whether this strip of land is but a part of a larger parcel owned by the grantors or whether it covers their entire holding. Counsel took opposing positions on this question when propounded at oral argument.

The complaint alleges that the district built a permanent flood control channel through the property and "bisected" it; that the channel has a width of 300 feet, the bottom and sides being lined with concrete and the banks protected by levees approximately 16 feet in width and 15 feet in height. It is also averred that immediately adjacent to the levees on the west side the state has constructed a permanent paved freeway, 175 feet wide, which occupies the major portion of the land west of the channel; that along the easterly side and immediately adjacent to the levee, a public sewer district of the county has constructed a sanitary sewer occupying 20 feet of the property on the east side of the channel. Also that "said improvement [flood control channel] is the only improvement planned or intended to be constructed by the Los Angeles County Flood Control District for the purposes as aforesaid and for the purposes mentioned in the said easement." And "[t]hat all of the rest, residue and remainder of said property has not been and is not now used by the defendant for the purpose specified in said easement; that more

than twenty-five years have elapsed since the granting of said easement and said time is a reasonable time for the defendant to select a route for the said easement and the same has been selected as aforesaid.'' The presently unused parcels are two strips on the extreme east and west sides of the easement parcel. The District has refused to convey to plaintiff those portions of the property. Plaintiff prays for an adjudication of all adverse claims of defendant to said unused portions of the property; that defendant be declared to have no right, title or interest therein; that plaintiff's title thereto be quieted; and for other relief.

Appellant relies upon cases such as *Youngstown Steel etc. Co.* v. *City of Los Angeles,* 38 Cal.2d 407 [240 P.2d 977], and *Winslow* v. *City of Vallejo,* 148 Cal. 723 [84 P. 191, 113 Am. St.Rep. 349, 7 Ann.Cas. 851, 5 L.R.A.N.S. 851]. ■ In the Youngstown Steel case the court says, at page 410: ''It is well settled that if the location of a right of way is not defined by the grant, a reasonably convenient and suitable way is presumed to be intended, and the right cannot be exercised over the whole of the land. [Citations.] ■ Where the right of way has been used at a particular location with the acquiescence of the servient owner, the parties have, in effect, placed their own practical construction upon the grant, and the easement will be regarded as fixed at that place. [Citations.] ■ Once the location of an easement has been finally established, whether by express terms of the grant or by use and acquiescence, it cannot be substantially changed without the consent of both parties. [Citations.]''

■ This deed defines the width of the parcel over which the easement was granted, and the following language of 3 Tiffany Real Property (3d ed.) section 805, page 333, seems pertinent: ''A grant or reservation of a right of passage over a space of a named width has been construed as giving a right of way, not of that width, but of merely a convenient width, to be located upon that space.''[1] ■ But the Winslow case, *supra,* 148 Cal. 723, says at page 726: ''[I]f the

---

[1]*Cf.* cases where the width of the way is expressly fixed by deed, in which it is held that the grantee may make use of the land up to the limits of the physical limits described. (*Ballard* v. *Titus,* 157 Cal. 673, 681 [110 P. 118]; *Greiner* v. *Kirkpatrick,* 109 Cal.App.2d 798, 802 [241 P.2d 564]; *Hamaker* v. *Pacific Gas & Electric Co.,* 59 Cal.App. 642, 645, 646 [211 P. 265]; *Pasadena* v. *California-Michigan etc. Co.,* 17 Cal.2d 576, 589-590 [110 P.2d 983, 133 A.L.R. 1186]; *United States* v. *5.61 Acres of Land* (U.S.Dist.Ct., California, N.D.), 148 F.Supp. 467; 17 Cal.Jur.2d, § 23, pp. 127-128.)

language of the grant in question, viewed in the light of all the conditions existing when it was executed, clearly gave to the defendant a right in excess of the one actually used, such right would still exist, notwithstanding the exercise for a time of a lesser privilege.''

Plaintiff's allegations seem to establish, under the foregoing authorities, that the location of defendant's flood control channel is now fixed in the place heretofore chosen for it. But the grant does not stop with a right to an original construction. It also conveys incidental easements for reconstruction, maintenance and repair of the channel and the right to pass and repass for the deposit of tools and other materials and to take earth, rock, sand and gravel for the purpose of excavating, widening and deepening or otherwise rectifying the channel and the maintenance and repair of embankments and other protection work. ▮ *Ward* v. *City of Monrovia,* 16 Cal.2d 815, 821 [108 P.2d 425], refers to ''the well recognized rule that an express or implied grant of an easement carries with it certain secondary easements essential to its enjoyment, such as the right to make repairs, renewals, and replacements,'' and further says: ''Such incidental easements may be exercised so long as the owner thereof uses reasonable care and does not increase the burden on or go beyond the boundaries of the servient tenement, or make any material changes therein.'' (See also *Woods Irrigation Co.* v. *Klein,* 105 Cal.App.2d 266, 270 [233 P.2d 48].) ▮ While the complaint alleges that ''said improvement,'' meaning the flood control channel, ''is the only improvement planned or intended to be constructed by the [defendant] for the purposes . . . mentioned in the said easement'' it does not aver that there can or will be no future need for widening or deepening or otherwise rectifying the channel (which would be within its present width due to the freeway on the west side and the public sewer on the east), or for the taking of earth, rock, sand and gravel for all or any of said purposes. It does not allege abandonment or intent to abandon.

▮ It is well settled in this state that an easement created by grant is not lost by mere nonuser. (*City of Vallejo* v. *Scally,* 192 Cal. 175, 177 [219 P. 63]; *Griffin* v. *Parker,* 124 Cal.App. 701, 705 [13 P.2d 403]; *Glatts* v. *Henson,* 31 Cal.2d 368, 371 [188 P.2d 745]; *Clark* v. *Redlich,* 147 Cal.App.2d 500, 507 [305 P.2d 239].) By statute the extent of the servitude is determined by the terms of the grant (Civ. Code, § 806), and only servitudes acquired by enjoyment shall be

extinguished by disuse (*Id.* § 811, subd. 4). For an easement acquired by grant to be thus lost it must be accomplished with an express or implied intention of abandonment. (*Smith* v. *Worn,* 93 Cal. 206, 212 [28 P. 944] ; *Watson* v. *Heger,* 48 Cal.App.2d 417, 420-421 [120 P.2d 153] ; *Whelan* v. *Zahniser,* 92 Cal.App.2d 770, 775 [207 P.2d 629] ; *Flanagan* v. *San Marcos Silk Co.,* 106 Cal.App.2d 458, 462-463 [235 P.2d 107].) As stated in *Parker* v. *Swett,* 40 Cal.App. 68, 74 [180 P. 351] : "It is true that the plaintiff and his predecessors have neglected for twenty-five years to exercise their right to lay a pipe-line, but an easement founded upon a grant cannot be lost by mere nonuser, no matter how long that nonuser may continue. (*Currier* v. *Hewes,* 103 Cal. 437 [37 P. 521] ; *Walker* v. *Lillingston,* 137 Cal. 401 [70 P. 282].) And such an easement may only be lost by abandonment when the intention to abandon clearly appears." Such is the weight of authority. See 17 Cal.Jur.2d, § 36, p. 144; 17A Am.Jur., § 172, p. 779; 28 C.J.S., § 60(b), pp. 725-726; 98 A.L.R. 1292-1294; *Simms* v. *William Simms Hardware,* 216 Minn. 283 [12 N.W.2d 783, 787].

Volume 25, American Law Reports 2d 1265, at 1275: "The prevailing rule in the case of an easement created by deed or devise is that nonuser alone, however long it may be continued, will not constitute an abandonment of the easement or be deemed evidence thereof, or otherwise bar the grantee or his successors in title from either assuming or resuming, as the case may be, the exercise of the right."

*Harvey* v. *Missouri Pacific R. Co.,* 111 Kans. 371 [207 P. 761, 50 A.L.R. 300], involved a railroad right of way acquired by condemnation, wherein only a limited portion of the land condemned "has yet been used or needed for railway purposes—the usual hundred-foot strip for a right of way," and plaintiff claimed the right to the unused portion by adverse user. The court said: "It was not necessary for the railway company to make some pretended use of all the condemned property, to the exclusion of the successive fee title holders, in order to preserve its rights. The defendant was not required to clutter up the outlying portions of the tract with old ties, rails, or other junk merely to assert its dominant estate and discommode the owner of the fee. Such mere pretended use would have been an invasion of the rights of the fee title holder, who always had and still has such rights of enjoyment, use, and possession as do in no way impair or interfere with the proper, safe, convenient,

and efficient discharge of the defendant's duties as a public carrier." The court held that the rights acquired by the railroad by condemnation are not lost through lapse of time and nonuse so long as the railway has a potential need of them, and where there has been in fact no adverse, hostile, inconsistent use, nor prejudicial exclusion of the holder of the dominant estate.

Volume 3, Tiffany on Real Property (3d ed.), section 802, pages 321-322: "The mode in which the grantee of the easement, with the grantor's acquiescence, exercised the easement after its acquisition, that is, the practical construction of the grant by the parties, may be referred to in order to aid in ascertaining its meaning, but the fact that the grantee made for a considerable time a more limited use of the land than that justified by the grant cannot affect the construction of a grant which is in terms unambiguous."

It follows that plaintiff has not stated a cause of action and cannot do so. But his counsel argues that he is entitled, in any event, to a declaratory judgment, even if it is to the effect that plaintiff has no right to other relief.

In this connection appellant could have relied upon *Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L.R. 1062], and *Columbia Pictures Corp.* v. *De Toth*, 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747]. In those cases reversals were had because the court had denied declaratory relief through sustaining a demurrer. But those opinions do not command reversal in all instances regardless of the fact picture drawn by the complaint. An exception to the general rule appears in *Davis* v. *City of Santa Ana*, 108 Cal.App.2d 669 [239 P.2d 656]. That was an action to prevent the performance of a contract for collection of city garbage and for declaratory relief. The attack upon the contract was that it was made without notice inviting bids and that it was not let to the lowest responsible bidder after notice, and hence it was illegal and void. Having determined that the court properly denied an injunction, the opinion at page 684 says: "It is true that a complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court. (*Maguire* v. *Hibernia S. & L. Soc., supra.*) However, the pleadings must set forth facts which show an actual controversy. Under the statement of facts here presented the

only controversy claimed is whether the contract for the handling of garbage was void because bids were not called for, and whether the conditional agreement to sell the equipment was void because such sale was not made at public auction. These questions were fully presented by the pleadings and plaintiff has suffered an adverse ruling on these subjects. He is not prejudiced by the ruling of the trial court which, in effect, denies declaratory relief. No abuse of discretion appears in the action of the court in refusing to entertain such complaint. [Citing cases.]''

In *Essick* v. *City of Los Angeles*, 34 Cal.2d 614, at page 624 [213 P.2d 492], the court held that the trial judge had erred in dismissing a declaratory relief complaint and, instead of reversing it, modified the judgment so as to declare that plaintiff was entitled to no relief.

*Anderson* v. *Stansbury*, 38 Cal.2d 707 [242 P.2d 305], was an action for accounting, declaration of trust and declaratory relief, in which the court had granted a nonsuit. At page 717 it was held that this did not result in a miscarriage of justice within the constitutional provision. ''From what has been said, it appears that the trial court properly granted the nonsuit as to plaintiffs' alleged causes of action for an accounting and for a declaration of trust. However, plaintiffs' complaint also included a count for declaratory relief, and the disposition of such count would ordinarily require an express declaration of the rights of the parties. (*Essick* v. *City of Los Angeles*, 34 Cal.2d 614, 624 [213 P.2d 492]; *Kessloff* v. *Pearson*, 37 Cal.2d 609, 613 [233 P.2d 899].) While the trial court therefore erred in entering a nonsuit rather than a declaratory judgment in disposition of the count for declaratory relief, such error cannot be deemed prejudicial here. Any declaration of the rights of the parties would necessarily have been unfavorable to plaintiffs in conformity with the disposition of the other two counts, which latter disposition constituted the equivalent of an express declaration that plaintiffs had failed to establish any rights. Under such circumstances, the procedural error of the trial court does not constitute ground for reversal of the judgment. (Const., art. VI, § 4½.)''

Volume 15 California Jurisprudence 2d, section 25, page 145, makes this observation: ''It is of interest to note that, in affirming the denial of declaratory relief by the trial court, the opinion of the reviewing court sometimes discusses matters of substance with respect to which the declaration

was sought, and in effect affords the plaintiff-appellant a declaration as to the law measuring his rights or duties." This must be true. Our holding that plaintiff cannot recover upon the cause of action which he attempts to state becomes the law of the case. If the cause were reversed, plaintiff could not amend to eliminate the present allegations which show he has no cause of action at law or in equity. (*Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358]; *Zakaessian* v. *Zakaessian*, 70 Cal. App.2d 721 [161 P.2d 677].) The superior court could do no more than enter judgment to that effect; in fact, this court, in the event of reversal, should so direct. It appears then that reversal would be an idle and fruitless act. The object of declaratory relief has been attained by the ruling herein. ██ "The purpose of declaratory relief is to liquidate uncertainties and controversies which might result in future litigation." (*Hannula* v. *Hacienda Homes*, 34 Cal.2d 442, 448 [211 P.2d 302, 19 A.L.R.2d 1268].) Under such circumstances, section 4½ of article VI, commands an affirmance. (*Anderson* v. *Stansbury, supra*, 38 Cal.2d 707, 717; *Bisinger* v. *Sacramento Lodge No. 6*, 187 Cal. 578, 582-584 [203 P. 768].) ██ "Nor will a judgment be reversed where such reversal would be of no benefit to the appellant because the same judgment would have to be entered on retrial." (3 Am.Jur., § 1184, p. 691.)

The judgment is affirmed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied August 18, 1959.