[Civ. No. 26461. Second Dist., Div. One. Oct. 28, 1963.]

MORRIS JACKSON, JR., et al., Plaintiffs and Appellants, v. ARC INVESTMENT COMPANY, Defendant and Respondent.

Rosenfeld & Tucker and Manfred Rosenfeld for Plaintiffs and Appellants.

No appearance for Defendant and Respondent.

WOOD, P. J.—In this action plaintiffs sought a declaration that an automobile conditional sale contract, and a prom-

issory note given in connection therewith, were void under the provisions of section 2982, subdivisions (a) and (c), of the Civil Code in that the plaintiffs did not make a cash down payment as stated in the contract; the "Time Price Differential" was not entered on the contract; and the contract balance was not entered thereon. Plaintiffs took possession of the automobile in February 1960 and thereafter paid five monthly installments of approximately $100 each, and then commenced this action in July 1960. They kept possession of the automobile more than two years.

The minutes show that plaintiffs did not make an opening statement at the trial, and motions of defendant First United Thrift and Loan Company and Arc Investment Company for nonsuits were granted. The motions were granted before any evidence was received. The findings and the judgment state that motions of the defendants for judgment *on the pleadings* and nonsuit were granted.

Plaintiffs' notice of appeal states that they appeal from the judgment of nonsuit against plaintiffs and in favor of defendants First United Thrift and Arc Investment. (The appeal as to First United Thrift has heretofore been dismissed by this court.)

Appellants contend that the court erred in granting the motion for nonsuit as to Arc Investment. They argue that since the amendment of section 581c of the Code of Civil Procedure in 1961 a nonsuit is not proper in a nonjury trial. It is to be noted, however, that the judgment recites that it is also a judgment on the pleadings. The matter of judgment on the pleadings is not discussed or referred to by appellants.

It is to be noted further that the defendant Arc Investment, as holder of the promissory note, filed a cross-complaint against plaintiffs wherein it sought judgment upon the note. Defendant First United Thrift, as assignee of the contract, filed a counterclaim wherein it sought possession of the automobile. Plaintiffs (as cross-defendants) answered the cross-complaint and counterclaim and thereby presented issues which were the same as the issues presented by the complaint and the answers thereto. After the motions for nonsuit had been granted, as above related, the court received evidence upon the issues under the cross-complaint and counterclaim. Witnesses testified on behalf of the cross-complainant and counterclaimant. Plaintiff Morris Jackson testified on behalf of the plaintiffs. The contract, note, and assignment of the contract were received in evidence.

The court found, in part, as follows: That the contract is valid and that First United Thrift was a bona fide purchaser thereof. That at the time the contract was purchased it was completed in all respects. The plaintiffs failed to make the payments pursuant to the contract from August 1960 to the filing of this action (April 18, 1962). Plaintiffs have thwarted First United Thrift's attempts to repossess the automobile by keeping it in a locked garage. That as to First United Thrift there was an error in computation on the contract concerning the time-price differential on the contract which it purchased from Brady Car Company (the seller of the automobile to plaintiffs).

Under the heading of conclusions of law the court stated that First United Thrift and Arc Investment were entitled to judgment; that plaintiffs are ordered to deliver the automobile to First United Thrift and to pay the promissory note to Arc Investment.

The judgment provided in part that First United Thrift have judgment against plaintiffs and that plaintiffs should deliver the automobile to First United Thrift; that Arc Investment have judgment against plaintiffs on the note for $400, interest, and attorney's fees (in specified amounts).

It thus appears that irrespective of the ruling granting a nonsuit as to plaintiffs' complaint for declaratory relief, the same issues which were presented under their complaint and the answers thereto were tried under the cross-complaint, counterclaim, and answers thereto. It is not necessary to discuss further the matter of nonsuit since it is apparent that a declaration of rights of the parties would be unfavorable to plaintiffs in conformity with the judgment upon the cross-complaint and counterclaim as to those rights. Even if the court erred in its ruling as to nonsuit, the error was not prejudicial. In *Anderson* v. *Stansbury,* 38 Cal.2d 707, 717 [242 P.2d 305], it was said: "While the trial court therefore erred in entering a nonsuit rather than a declaratory judgment in disposition of the count for declaratory relief, such error cannot be deemed prejudicial here. Any declaration of the rights of the parties would necessarily have been unfavorable to plaintiffs in conformity with the disposition of the other two counts, which latter disposition constituted the equivalent of an express declaration that plaintiffs had failed to establish any rights." (See also *Haley* v. *Los Angeles County Flood Control Dist.,* 172 Cal.App.2d 285, 293 [342 P.2d 476].)

Furthermore, there was a judgment on the pleadings

against plaintiffs, and they have not appealed from that part of the judgment.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.