LINTNER, Respondent, vs. AUGUSTINE FURNITURE COM-
PANY and others, Appellants.

*April 6—April 30, 1929.*

For the appellants there was a brief by *Simmons, Walker & Wratten* of Racine, and oral argument by *John B. Simmons*.

For the respondent there was a brief by *Foley, Brach & Colbert* of Racine, and oral argument by *Jerome J. Foley*.

STEVENS, J.  Apparently this action was begun and the judgment entered under the mistaken belief that the plaintiff owned the fee of the right of way here in question. The judgment appealed from was entered before it was determined in *Lintner v. Office Supply Co. Inc.* 196 Wis. 36, 219 N. W. 420, that the plaintiff did not own the fee, but only an easement of way over the alley.

(1) The defendants concede that they have no right to use this alley except in so far as they may use it for the purpose of doing business with those who have an easement of way over the same. But they contend that plaintiff, as the owner of a mere easement, has no right to maintain an action to enjoin their use of the alley unless he has established the fact that the use of the alley by the defendants obstructs the plaintiff's use of the same and unreasonably and materially interferes with his use and enjoyment thereof. This undoubtedly is the law. Jones, Easements, § 885.

The doorway leading to the kitchen of defendants' premises is about midway in the alley and so located that the right of way is completely blocked and cannot be used by those who have easements when a vehicle is standing at the defendants' doorway. Plaintiff testified to a material interference with the use of the alley by trucks standing at the door of defendants' kitchen. The defendants admitted that trucks came to deliver the groceries and provisions from four to five times each day and that each time the trucks stood at the doorway approximately five minutes. This proof establishes the fact that the use of the alleyway by the defendants does so unreasonably and materially interfere with plaintiff's right to use the same that he may maintain an action in equity to restrain such interference with its use. The fact that the damage sustained by plaintiff by each interference with his right to use this right of way is so small as to make the remedy by legal action wholly inadequate is one of the reasons why equity will entertain juris-

diction of such controversies in order to settle them for all time by a single action to enjoin the use of the alley.

(2) The wall which is here in question was built by the plaintiff entirely upon land in the alley,—the fee of which is not owned by any party to this action. No part of the wall rested upon the land of the defendants, unless some of the mortar used in building the wall protruded beyond the bricks of the wall and over the property line of the alleyway and adhered to the wall of the defendants' building which is immediately adjacent to the wall in question. If this mortar does so protrude beyond the property line, it does not interfere with defendants' use of their own property. While the defendants have the right to remove such protruding mortar, they would have no right in so doing to trespass on land not owned by them or to remove any structure built on the lands of others.

The fact that plaintiff seems to have built the wall under the mistaken belief that he owned the fee in the alley and that he constructed this wall without procuring the consent of those who did own the fee, gave the defendants no right to go upon the alley and remove any portion of this wall. Defendants made no claim that the wall interferes with any easement secured by them either by grant or by prescription.

But the fact that the defendants wrongfully removed a portion of this wall does not lead to the conclusion that a court of equity should compel them to restore it. So far as the record discloses, the plaintiff built this wall without any right so to do. The portion of the wall that was removed does not support any structure. Should the defendants restore this wall, the owners of the fee of the alley could at any time require plaintiff to remove the portion of the wall through which the defendants cut their doorway. Equity will not compel the doing of a useless thing. It will not compel these defendants to trespass upon the right of way in order to restore a wall which would serve no useful purpose if it

was restored. Equity will leave these parties where it found them, so far as the restoration of the wall is concerned. In any event the court ought not to compel the defendants to close the opening left for the ventilating fan, because plaintiff left that open when he built the wall.

The judgment appealed from is reversed, and the cause remanded with directions to enter judgment restraining the defendants from using or passing over the right of way in question, except in so far as defendants may necessarily use said right of way in transacting business with the persons who have an easement of way over this alley. The judgment will also restrain the defendants from opening any door out into the alleyway or from doing any other act or thing that will in any way encroach upon or interfere with passage over this private right of way.

*By the Court.*—So ordered.