[Civ. No. 13386.   Second Dist., Div. Two.   Dec. 11, 1941.]

INEZ WATSON, an Incompetent Person, etc., Appellant, v. ANITA L. HEGER, Individually and as Executrix, etc., et al., Respondents.

Arthur E. Briggs and Charles E. McGinnis for Appellant.

Felix H. McGinnis for Respondents.

HANSON, J. *pro tem.*—The main question presented by this appeal of plaintiff is whether an easement of ingress and egress, created by reservation in a grant deed, has been abandoned by acts of the present owner of the dominant tenement; and if not, whether the present owner of the servient tenement is entitled (1) to a permanent injunction restraining any trespass upon her property beyond the strict limits of the easement, and (2) to the costs of the sui! below against the owner of the dominant tenement. In the court below judgment on all these questions went against the plaintiff, the owner of the servient tenement. The appeal is on the judgment roll alone.

As the two tenements and the easement are described in the various deeds involved by metes and bounds, we think

it will simplify the discussion to set forth a diagram of the properties, with such labels thereon as are requisite to an understanding of it.

The diagram above set forth represents what is known as Lot 4. In 1924 the then owner of Lot 4 conveyed to the husband of plaintiff (to which interest she has succeeded) approximately the southerly half of Lot 4, i. e., parcels D, E, F and G, reserving, however, an easement or right of way over parcel E for ingress to and egress from the northerly half of the lot, i. e., parcels A, B and C, to Lexington Avenue, with joint user of such parcel by the owners of the dominant and the servient tenement, without let or hindrance on the part of either. As the property surrounding Lot 4 on three sides was privately owned, such easement was necessary as a means of vehicular ingress and egress to and from parcels

B and C, as a brick building had been erected covering all of parcel A, which fronted its full width on Lexington Avenue. Plaintiff's husband in the year 1931 built a store building covering parcel D, and also a garage, with an upstairs apartment, covering parcel G. The defendant Anita Heger and her husband, as joint tenants, acquired the dominant tenement, parcels A, B and C, along with the right to the use of the easement, parcel E, for purposes of ingress and egress. In 1931 the joint tenants mentioned concluded to extend the store building located on parcel A—flush with its sides—so as to cover all of parcel B. As they planned there should be no break in the store wall immediately at the northerly end of the easement, parcel E, they sought and obtained from the husband of plaintiff a parol license to pass over parcel F before they· built the extension. To that end a door was made in the wall when it was extended, at the point indicated on the diagram. After the extension was built and by June, 1938, such discord had arisen between the owners of the dominant and servient tenements with respect to the use of parcels E and F that a written notice of revocation of the license, and a cancellation of the easement over parcel E as well, was served by the owner of the servient tenement upon the owner of the dominant tenement. As the owner of the dominant tenement, in disregard of the notice, continued to use both parcels E and F for ingress and egress and storage, the instant suit was instituted on May 10, 1940.

Inasmuch as the trial court found that the parol license terminated upon the day notice was served, and as it assessed damages for the trespasses on parcel F, we are here initially concerned in deciding whether the trial court's finding that there had been no abandonment of parcel E by the owner of the dominant tenement is sustained. On the facts which we have recited—all of which are deduced from the pleadings and the findings—appellant here contends that as a matter of law there was an abandonment.

█ It is well settled in this state that an easement created by grant is not lost by mere non-user. (*City of Vallejo* v. *Scally*, 192 Cal. 175 [219 Pac. 63].) █ For an easement to be thus lost it must be accomplished with an express or implied intention of abandonment; and abandonment, as

has been said, is a question of intention, to be shown by the facts. (*People* v. *Southern Pacific Co.*, 172 Cal. 692 [158 Pac. 177].) ██ As the trial court found that there was no abandonment, and as the appeal is upon the judgment roll alone, we are required to assume that the evidence completely sustains the findings. The case of *Fletcher* v. *Stapleton*, 123 Cal. App. 133 [10 Pac. (2d) 1019], relied upon by appellant, is not in point.

██ Appellant's next contention is that she was entitled to injunctive relief from future trespasses on parcel F by the owner of the dominant tenement. We think there is merit in this contention. As respondent in her brief admits an entrance was made through respondents' brick wall prior to the trial so as to connect directly with the easement, we think that plaintiff was entitled to a decree enjoining the owner of the dominant tenement from committing any trespasses on parcel F while making use of the easement in the future. The only right which the owner of the dominant tenement has is to use the easement for ingress and egress, and strictly within the limits of the easement. As it is evident from the width of the easement that only a very short vehicle could make a turn in the corner of the easement, there is need that the plaintiff should be protected against any encroachment on her parcel F. The contention of respondents that such an injunction should not be decreed because there was only a naked trespass is not sustained by the record. The trial court specifically found that right up to the time of trial the defendants had continually trespassed on parcel F under a claim of right, but that the number of trespasses was unascertainable. Under such circumstances there should have been a decree enjoining future trespasses. (*Mendelson* v. *McCabe*, 144 Cal. 230 [77 Pac. 915, 103 Am. St. Rep. 78]; *Danielson* v. *Sykes*, 157 Cal. 686 [109 Pac. 87, 28 L. R. A. (N. S.) 1024]; *Lintner* v. *Augustine Furniture Co.*, 199 Wis. 71 [225 N. W. 193].)

Reversed with instructions to the trial court to amend its judgment so as to grant injunctive relief as herein indicated; to award to appellant her costs here and in the court below against the defendant Anita L. Heger personally and as executrix, and to award in favor of each of the disclaiming defendants such costs only as each is entitled to against the

plaintiff below. The attempted appeal from the order denying motion for new trial is dismissed.

Wood (W. J.), Acting P. J., and McComb, J., concurred.

A petition for a rehearing was denied January 8, 1942, and the judgment was modified to read as above.